Hand Delivered

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

FILED
CHARLOTTE, NC

DEC 2 9 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

# UNITED STATES DISTRICT COURT
for the

### WESTERN District of NORTH CAROLINA

#### CHARLOTTE Division

Case No. 3:20 cv 732-FDW
*(to be filled in by the Clerk's Office)*

ANDRE ANTONIO DAVIS

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

KNOWN AND UNKNOWN AGENTS OF THE
DEPARTMENT OF HOMELAND SECURITY &
DEPARTMENT OF VETERANS AFFAIRS FBI &
FBI LIAISON TO INFRAGARD

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Case 3:20-cv-00732-FDW-DSC    Document 1    Filed 12/29/20    Page 1 of 103

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Andre Antonio Davis |
| Address | P.O. Box 551329 |
| | Gastonia _____ NC _____ 28054 |
| | City _____ State _____ Zip Code |
| County | |
| Telephone Number | |
| E-Mail Address | |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Refer to attach with defendants pages 1-17 labeled Pro sec the |
| Job or Title *(if known)* | parties to th complaint  defendants |
| Address | |
| | City _____ State _____ Zip Code |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |
| | City _____ State _____ Zip Code |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☐ Official capacity

Case 3:20-cv-00732-FDW-DSC    Document 1    Filed 12/29/20    Page 2 of 103

Defendant No. 3

    Name

    Job or Title *(if known)*

    Address

|  | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County

    Telephone Number

    E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

Defendant No. 4

    Name

    Job or Title *(if known)*

    Address

|  | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County

    Telephone Number

    E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

**II.**    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☒ Federal officials (a *Bivens* claim)

    ☐ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    N/A

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Case 3:20-cv-00732-FDW-DSC    Document 1    Filed 12/29/20    Page 3 of 103

Violation of the First , Fourth & Fifth amendments to the Constitution

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia," 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

FBI, FBI Liaison to Infragard VA, Homeland Securtiy and support personel within these agencies collectively conspired deprive Mr. Davis of his rights while in their official capacity outside and beyond the scope of their official dutes.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

Mecklenburg and surrounding counties, Gaston County and surrounding counties, and across infrastate and interstate lines due to the use of GPS or Globe Positioning Systems

B.    What date and approximate time did the events giving rise to your claim(s) occur?

Febuary 25, 2019 to present

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Mr. Davis fall at the Veterans Affairs and had a fall that resulted in injuries. The Veterans Affairs prolong medical while Mr. Davis made every attempt to be seen they kept prolonging medical. The VA used their government reach and recurit known and unknown government agents of the FBI Infragard, FBI Department of Homeland Security to seek and destroy, harass, intimidate, assault damage vehicle , false imprisonment, and organized gang stalking attacks.

Mr. Davis had his car alarm bypassed because agents was using remote shut off via the cars radio frequency to track and shut down the vehicle with their cellphones used like a garage door opener. Agents was tracking the cellphone using as a listening device and had visual via cellphone monitor to trespass. Mr. Davis had a bypass put on the car and all relays for attennas and radio taking out and the remote door relays taken out to avoid being track and breached via its frequency. Another way agents breach is during a battery check with a wireless probe to insert malware tracker into the cars computer to be tracked called a man-in-the-middle-attack to set up the dragnet for thousands of other agents to grab it via (GPS) Globe Positioning System and triangle your position to imprison more and to assault more. Took the car in to get service at Firestone use them for years even thought I did not know the new personnel I agreed they kept the car overnight. The agents got the mechanics to put a remote start on the car re bypassed the bypass. Afterward agents start shutting down the car again. Agents kept telling me we going to damage your car you will not have no peace of mind whereve you are. These agents in every agency mention used horziontal or vertical contacts out in town to harm Mr. Davis and under the color of law and beyond the bounds of their legal authority broke the law broke the Fourth Amendment attaching tracking device on phone and car to track Mr. Davis whereabouts when he had an exception of privacy.

In conclusion, agents have attempted to burn the car down break the vehicle in which its been taken care of have the  service records all to prevent Mr. Davis from attending his appointments to give them a reason to deny him furture benefits, have been called racial epithets by agents, too. The collective information sharing was performed by any means necessary in order to recieve whistleblower pay under Qui Tam regardless if Mr. Davis got injuried in the process.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Mr. Davis was treated at the South Charlotte VA Medical Center from the fall out of a wheelchair Migrains, back pain, neck pain, elbow pain, loss of smell, loss of taste, veritgo, loss of sleep, Chronic depression, and PTSD,

Mr. Davis have physical, mental injuries Veterans Affairs gerrymandered this process and was selective in seeing  Mr.Davis on certain injuries from the fall and prolonged there assessments for over a 2 year period and to the present. Mr. Davis Orthopedic doctor said I needed surgery on both knees after the fall and reneged on that . I was promised outside medical that contract was broken by the Veterans Affiairs at VA Charlotte and The VA in Salisbury, NC as collective to deny full rights to medical and to cover themseleves from a total foresseable fall.

Instead VA used their contacts in government FBI FBI Infragard, the Homeland Securtiy, to harass intimidate gang stalk, damage his car all to stop him from attending his appointments in which he rarely missed until the attacks from agents.

Case 3:20-cv-00732-FDW-DSC    Document 1    Filed 12/29/20    Page 5 of 103

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          12/29/2020

Signature of Plaintiff          *Andre Davis*
Printed Name of Plaintiff       Andre Antonio Davis

### B.     For Attorneys

Date of signing:          _____

Signature of Attorney     _____
Printed Name of Attorney  _____
Bar Number                _____
Name of Law Firm          _____
Address                   _____
                          _____ _____ _____
                          City            State   Zip Code
Telephone Number          _____
E-mail Address            _____

Address

|  | City | State | Zip Code |
|--|------|-------|----------|

Telephone Number

E-mail Address

Case 3:20-cv-00732-FDW-DSC    Document 1    Filed 12/29/20    Page 7 of 103

## Federal Bureau of Investigations (FBI)

1. (FBI Agent and liaison to INFRAGUARD)
Luis Velasco
7915 Microsoft Way
Charlotte, NC 28273
Sued as an: Individual
phone: (704) 672-6100
County: Mecklenburg

2. (FBI Special Agent)
Robert R. Wells
7915 Microsoft Way
Charlotte, NC 28273
Sued as an: Individual
phone: (704) 672-6100
County: Mecklenburg

3. (FBI Assist. Special Agent)
Beth Boggess
7915 Microsoft Way
Charlotte, NC 28273
Sued as an: Individual
phone: (704) 672-6100
County: Mecklenburg

2

4. (FBI Special Agent)

Micheal E. Stansbury,

7915 Microsoft Way

Charlotte, NC 28273

Sued as an: Individual

phone: (704) 672-6100

County: Mecklenburg

5. (FBI Assist. Special Agent)

Micheal C. Scherck,

7915 Microsoft Way

Charlotte, NC 28273

Sued as an: Individual

phone: (704) 672-6100    County: Mecklenburg

**DEPARTMENT OF HOMELAND SECURITY (DHS)**

**CRITICAL INFRASTRUCTURE SECURITY AGENCY** (CISA) NOTE: This department is a part of HOMELAND **SECURITY**

6. (Department of Homeland Security Acting Secretary)

Chad F. Wolf,

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

7. (CISA Director )

Brandon Wales,

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

3

8. (CISA Acting Director)

Steven Harris

6130 Tyvola Rd,

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

9. (CISA acting Deputy Chief of Staff)

John Gountanis,

6130 Tyvola Rd,

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

10. (DHS CISA Deputy Director)

Matthew Travis,

6130 Tyvola Rd,

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

11. (DHS CISA Assist Director Integrated Operations Division)

Richard Driggers

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

4

12. (DHS CISA Chief Learning Officer)

Keith Holtermann,

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

13. (DHS CISA Chief Financial Officer)

David Hill

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

14. (DHS CSIA Chief Acquisition Executive)

Patrice Ward

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

15. (DHS Security CISA Chief of Strategy, Policy, & Plans)

Joseph Croce

6130 Tyvola Rd.

Charlotte, NC 28217,

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

5

16. (DHS CISA Chief Privacy Office),

James Burd,

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

17. (DHS CISA Chief Technology Officer)

Brian Gattoni,

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

18. (DHS CISA Chief of Workforce Engagement)

Dallas Brown,

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

6

19. (DHS CISA Chief Human Capital Officer)

Rita Moss,

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

20. (Department of Homeland Security CISA Chief Financial Officer)

David Hill,

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg


21. (DHS CISA Chief Information Security Officer )

David Epperson

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

22. (DHS CISA Chief Information Officer)

Samuel Vazquez

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

7

23. (DHS Security Acting Director)

Kerry Stewart

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

24. (DHS Assist. Director for , Chief of Staff)

Emily Early

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

25. (DHS CISA Emergency Communications,)

Billy Bob Brown Jr.

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

26. (Deputy Director),

Matthew Travis

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

8

27. (DHS CISA Assistant Director for Cybersecurity),

Matt Hartman

6130 Tyvola Rd,

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

28. (DHS CISA Security Acting Director Infrastructure)

Scott Brear

6130 Tyvola Rd,

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

29. (DHS CISA Director Cybersecurity)

Matt Hartman

6130 Tyvola Rd,

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

30. (DHS CISA Integrated Operations)

Richard Driggers,

6130 Tyvola Rd,

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

9

31. (Chief Operations, Support Officer),

Nicole Windham

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605

County: Mecklenburg

32. (DHS Deputy Director)

Matthew Travis

6130 Tyvola Rd.

Charlotte, NC 28217

Sued as an: Individual

phone: 704-248-9605     County: Mecklenburg

**DEPARTMENT OF VETERANS AFFAIRS**

**W.G. BILL HEFNER MEDICAL CENTER**

33. Department of Veterans Affairs,

W.G. Bill Hefner Medical Center, Salisbury, N.C.

& South Charlotte Medical Center, Charlotte, N.C.,

(Director)

Joseph Vaughn,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Mecklenburg  & Rowan County

10

34. (W.G. Bill Hefner VA Med. Assistant Director)

Ronald J. Maurer,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan


35. (W.G. Bill Hefner VA)

Dr. James Plunkett,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

36. (W.G. Bill Hefner VA Med. Center Associate Director)

Lily Haken,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

37. (W.G. Bill Hefner VA Med. Center Salisbury Head Chief Emergency Room)

Dr. John Hobbs,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

11

38. (W.G. Bill Hefner Veterans Medical Center Head of Nursing/Patience Services)

Elizabeth Stroup,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

39. (W.G. Bill Hefner Medical Center Veterans Affairs FOIA Officer)

Terrell E. Hughly,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

40. (W.G. Bill Hefner VA Medical Center General Medicine)

Dr. Falguni D. Patel,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

41. (W.G Veterans Affairs Medical Center Orthopedic Surgeon)

Dr. Jeffery Burns,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

42. (W.G. Bill Hefner VA Medical Center R. N. )

Joan R. Hodge

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

43. (W.G. Bill Hefner VA Medical Center Community Care Supervisor)

Mary Kelly,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

44. (W.G. Bill Hefner VA Medical Center Community Care Coordinator)

Felica Hood,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

45. (W.G. Bill Hefner VA Medical Center Community Care Coordinator)

Shanae Knox

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

46. (W.G. Bill Hefner VA Medical Center Community Care Coordinator)

Felica Rayford,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

47. (W.G. Bill Hefner VA Medical Center Community Care Coordinator)

Rhonda Butler,

1601 Brenner Ave.

Salisbury, NC 28144

Sued as an: Individual

phone: 704-638-9000

County: Rowan

## DEPARTMENT OF VETERANS AFFAIRS MEDICAL
## SOUTH CHARLOTTE MEDICAL CENTER

48. (South Charlotte VA Med. Center Patient Advocate)

Valerie Bennett,

3506 W. Tyvola Road

Charlotte, NC 28208

Sued as an: Individual

phone: 704-329-1300

County: Mecklenburg

14

49. (South Charlotte HCC Administrator)

Dave Collins,

3506 W. Tyvola Road

Charlotte, NC 28208

Sued as an: Individual

phone: 704-329-1300,

County: Mecklenburg

50. (South Charlotte VA Associate Director)

Pam Malatestinic,

3506 W. Tyvola Road

Charlotte, NC 28208

Sued as an: Individual

phone: 704-329-1300,

County: Mecklenburg

51. (South Charlotte VA Medical Center Psychiatrist)

Dr. Joseph Godfrey,

3506 W. Tyvola Road

Charlotte, NC 28208

Sued as an: Individual

phone: 704-329-1300.

County: Mecklenburg

52. (South Charlotte VA Medical Center Orthopedic Surgeon)

Dr. Steven Larsen,

3506 W. Tyvola Road

Charlotte, NC 28208

Sued as an: Individual

phone: 704-329-1300,

County: Mecklenburg

15

53. (South Charlotte VA Medical Center Primary Care)

Dr. Surindra J. Singh,

3506 W. Tyvola Road

Charlotte, NC 28208

Sued as an: Individual

phone: 704-329-1300.

County: Mecklenburg

54. (South Charlotte VA Medical Center VA Police)

Jamu K. Sanders,

3506 W. Tyvola Road

Charlotte, NC 28208

Sued as an: Individual

phone: 704-329-1300.

County: Mecklenburg

55. (South Charlotte VA Medical Center VA Police)

Terrance Bowins, ,

3506 W. Tyvola Road

Charlotte, NC 28208

Sued as an: Individual

phone: 704-329-1300.

County: Mecklenburg

56. (South Charlotte VA Medical Center MRI Technologies Tech.)

Ron Wheaton,

3506 W. Tyvola Road

Charlotte, NC 28208

Sued as an: Individual

phone: 704-329-1300
County: Mecklenburg

57. (South Charlotte VA Medical Center (Veteran Experience Officer)

Tara Manis-Healey,

3506 W. Tyvola Road

Charlotte, NC 28208

Sued as an: Individual

phone: 704-329-1300
County: Mecklenburg

58. (South Charlotte VA Medical Center ENT/Otolaryngology)

Summit Kundaria

3506 W. Tyvola Road

Charlotte, NC 28208

Sued as an: Individual

phone: 704-329-1300

County: Mecklenburg

17

Andre Antonio Davis
P.O. Box 551329
GASTONIA, NC 28054

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Andre Antonio Davis | ) Case No: |
| | ) |
| Plaintiff | ) **BIVENS ACTION** |
| vs. | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF** |
| | ) **CIVIL AND CONSTITUTIONAL** |
| KNOW & UNKNOWN AGENTS OF | ) **RIGHTS** |
| DEPARTMENT OF VETERANS | ) |
| & | ) |
| AGENTS OF DEPT. HOMELAND | ) **DEMAND FOR JURY TRIAL** |
| SECURITY   FBI     & | ) |
| | ) |
| FBI LIASION TO INFRAGARD | ) |
| Defendants | ) |

**i.**  **TABLE OF CONTENTS**                **PAGE**

**TABLE OF CONTENTS**.............................................................i

**TABLE OF CITATIONS**...........................................................ii

**JURISDICTION**..................................................................11

**PARTIES**.......................................................................12

**FACTS**.........................................................................14

**FIRST CAUSE OF ACTION**
**FALSE MISREPRESENTION**
**Elements:**
false representation...................................................15,16

damages...............................................................17

false representation of a past or existing material fact susceptible of knowledge..................17

damages...............................................................17

knowing the representation was false, or without knowing whether it was true or false......17,18

damages...............................................................18

induce the plaintiff to act in reliance on that representation...........................18,19

damages...............................................................19

the plaintiff acted in reliance on the defendant's false representation.......................19

the other party suffered damages as a result of relying on the representation
...............................................................19,20
**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT**
**Elements:**
breach of contract...................................................20,21

damages...............................................................21

contract...............................................................21,22,23,24

1

damages......................................................................................................................25

offer......................................................................................................................25,26

damages.................................................................................................................26

acceptance............................................................................................................26

mutual asset.........................................................................................................26,27

damage.................................................................................................................27

consideration.......................................................................................................27

damages.................................................................................................................27

capacity................................................................................................................27,28

damages.................................................................................................................28

legality.................................................................................................................28

damages.................................................................................................................28

## THIRD CAUSE OF ACTION
## PROCEDURE DUE PROCESS

**Elements:**

procedure due process..............................................................................................29

damages.................................................................................................................29

unbiased tribunal..................................................................................................29,30

damages.................................................................................................................30

notice of the proposed action and the grounds for it..............................................30

damages.................................................................................................................30

opportunity to present reason for the proposed action not to be taken...............30,31

damages.................................................................................................................31

the rights to know the opposing side evidence......................................................31

damages.................................................................................................................31

adverse "hostile witness" to be cross-examined....................................................31,32

damages.................................................................................................................32

a decision based only on the evidence presented...................................................32

damages.................................................................................................................32

rights to be represented by counsel.......................................................................33

damages.................................................................................................................33

a requirement that the tribunal prepare a record of the evidence presented...........33

Case 3:20-cv-00732-FDW-DSC    Document 1    Filed 12/29/20    Page 26 of 103

damages.................................................................................................34

The requirement of a tribunal prepares written findings of fact and the reason for its decision..34

Damage..................................................................................................34

**FOURTH CAUSE OF ACTION**

**COMMERCE CLAUSE ARTICLE I, SECTION 8**

**Violations of Civil Rights Act of 1964**

**Elements:**

Commerce Clause Article I, Section 8, Clause 3.............................................34,35

Damages...............................................................................................35


FIFTH CAUSE OF ACTION
**FIFTH CAUSE OF ACTION**
**ELEMENTS OF THE OFFENSE SECTION 1 OF THE SHERMAN ACT (15 U.S.C. § 1),**

**Elements:**

Elements of the Offense .....................................................................35,36

Damages..............................................................................................36

the charged conspiracy was knowingly formed and was in existence at or about the time alleged...............................................................................................36,37

Damages..............................................................................................37

the charged conspiracy either substantially affected interstate or foreign commerce or occurred within the flow of interstate or foreign commerce.............................................37,38

Damages..............................................................................................38

**SIXTH CAUSE OF ACTION**

**Necessary and Proper Clause (Article I, Section 8, Clause 18)**

**Elements:**

Necessary and Proper Clause.................................................................38

Damages.............................................................................................38

**SEVENTH CAUSE OF ACTION**

**Sherman Act 1 Section 3**

**Elements:**

Violation of the Sherman Act 1..............................................................39

damages............................................................................................39

   **a. Violation of the Sherman Act I Proving a Contract, Combination, or conspiracy.....................................................................................,39,40**

   **a1. damages.........................................................................40**

3

**b. Violations of Sherman Act I Expressed Agreements Contracts**............................40

   **b1.** damages........................................................................................................40

**c. Violations of Sherman Act I Contract Agreements Within A Single Entity**

   **Elements:**

      **c1.** contract agreement within a single entity..............................................40,41

         **c1a.** Damages..................................................................................42

     **c2.** intended to the existence of a contract, combination, or conspiracy among two or more

     persons or entities.............................................................................41,42

         **c2a.** damages.................................................................................42

     **c3.** That unreasonably restrains trade or competition.........................................42

         **c3a.** damages.................................................................................42

     **c4.** which affects interstate or foreign commerce..........................................42,43

         **c4a.** damages.................................................................................43

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF SHERMAN ACT 2**
**Elements:**

violate the Sherman Act 2...............................................................................43

Damages. ....................................................................................................43

The willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident.................................................................................................43,44

Damages. ....................................................................................................44

Qualifying exclusionary or anticompetitive acts.................................................44,45

Damages. ....................................................................................................45

a dangerous probability of success actual monopolization......................................45

Damages. ....................................................................................................45

**NINTH CAUSE OF ACTION**
**FALSE IMPRISONMENT FALSE ARREST**
**Elements:**

False imprisonment false arrest.....................................................................45,46

Damages...................................................................................................46

willful detention.........................................................................................46

damages...................................................................................................46

4

Without consent..............................................................................................46,47

Damages...............................................................................................................47

Without authority of lawful arrest......................................................................47

Damages...............................................................................................................47

## TENTH CAUSE OF ACTION
## COMPUTER FRAUD ABUSE ACT 1030 (a)(2)(c)
**Elements:**

Computer fraud abuse act.................................................................................47,48

Damages...............................................................................................................48

Unauthorized access..........................................................................................48

Damages...............................................................................................................48

## ELEVENTH CAUSE OF ACTION
## COMPUTER FRAUD ABUSE ACT 1030(e)(2)
## PROTECTED COMPUTER
**Elements:**

Protected computer..............................................................................................49

Damages...............................................................................................................49

Which is used in interstate or foreign commerce..............................................49,50

Damages...............................................................................................................50

## TWELFTH CAUSE OF ACTION
## INCLUSION UPON SECLUSION
Elements:

Inclusion upon seclusion......................................................................................50

Damages...............................................................................................................50

Intentionally.........................................................................................................50

Damages...............................................................................................................51

Intruding...............................................................................................................51

Damages...............................................................................................................51

intended to commit on the solitude or seclusion of another person, or on their

private affairs................................................................................................................51,52

damages..............................................................................................................................52

in a manner that would be highly offensive to a reasonable person.......................................52

Damages...............................................................................................................................52

Damages...........................................................................................................................52,53

**THIRTEEN CAUSE OF ACTION**

**TRESPASS TO CHATTEL**

**Elements:**

Trespass to chattel...............................................................................................................53

Damages...............................................................................................................................53

Lack of plaintiff of plaintiff consent to trespass....................................................................54

Damages...............................................................................................................................54

interference or intermeddling with possessory interest.......................................................54,55

Damages...............................................................................................................................55

The intentionality of the defendant's actions.........................................................................55

Damages...............................................................................................................................55

**FOURTEEN CAUSE OF ACTION**

**ASSAULT&BATTERY**

Elements:

Assault & Battery..............................................................................................................55,56

Damages...............................................................................................................................56

Contact..................................................................................................................................56

Damages...............................................................................................................................56

Harm..................................................................................................................................56,57

Damages. .............................................................................................................................57

**FIFHTEEN CAUSE OF ACTION**
**NEGLIGENCE**

**Elements:**

Negligence. ..........................................................................................................................57

Damages. ..............................................................................................................................57

Duty of care. .........................................................................................................................58

Damages................................................................................................................................58

Breach...............................................................................................................................58,59

Damages..................................................................................................................59

Causation..............................................................................................................59

Proximate cause.................................................................................................59,60

Damages..................................................................................................................60

The reasonable standard.......................................................................................60

Damages..................................................................................................................60

joint and several....................................................................................................60

**SIXTEEN CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**Elements:**

Negligent infliction of emotional distress........................................................60,61

Damages. ...............................................................................................................61

negligently engaged in conduct...........................................................................61

Damages. ...............................................................................................................61

it was reasonably foreseeable that the conduct would cause the plaintiff severe mental anguish..................................................................................................................61,62

Damages..................................................................................................................62

the conduct did cause the plaintiff to suffer severe mental anguish.................62,63

damages...................................................................................................................63

Proximate cause.....................................................................................................63

Damages..................................................................................................................63

**SEVENTEETH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESs**

**Elements:**

intentional infliction of emotional distress........................................................63,64

Damages..................................................................................................................64

intentional or reckless..................................................................................................................64

Damages..................................................................................................................64

Defendants conduct must be extreme and outrageous.......................................65

Damages..................................................................................................................65

Cause severe emotional distress..........................................................................66

Damages..................................................................................................................66

**EIGHTEENTH CAUSE OF ACTION**

**Elements:**

Libel. ...................................................................................................................73

Damages. ...........................................................................................................73

false statement purporting to be fact........................................................73,74

Damages. ...........................................................................................................74

publication or communication of that statement to a third person.....................74

Damages. ...........................................................................................................74

Fault amounting to at least negligence is (carelessness), that harm reputation..................74

Damages...........................................................................................................74,75

## RES ISPA LOQUITOR

**Elements:**

Res ispa loquitor...........................................................................................75

Damages..........................................................................................................75

the defendant was in exclusive control of the situation or instrument that caused the injury. ...........................................................................................................76

Damages. ...........................................................................................................76

The injury would not have ordinarily occurred but for the defendant's negligence.......76,77

Damages..........................................................................................................77

plaintiff's injury was not due to his action or contribution.....................................77

Damages..........................................................................................................77

**ii TABLE OF CITATIONS**          **PAGE**

Addyston Pipe & Steel Co. v. United States, 175 U.S. 211, 213-18 (1899)............................41

Asahi Metal Industry Co. v. Superior Court – 480 U.S. 102, 107, S. Ct. 1026 (1987)............12

Burger King Corp v. Ridzewicz 417 U.S. 462(1985)........................................................12

Carey v. Piphus 435 U.S. 247 (1978) procedure due process violation.................................29

CompuServe Inc. v. Cyber Promotions, Inc 962 F. Supp. 1015 (S.D. Ohio 1997).....54

Curtis v. Chemical Cleaning and Dyeing Co 1KB 805 (1951)...........................................15

Case 3:20-cv-00732-FDW-DSC     Document 1     Filed 12/29/20     Page 32 of 103

## DEFAMATION
### Elements:

Defamation. ...........................................................................................................66,67

Damages. ..................................................................................................................67

False statement purporting to be fact.......................................................................67

Damages. ..................................................................................................................67

Publication or communication of that statement to a third person.......................67,68

Damages.....................................................................................................................68

Fault amounting to at least negligence is a failure to take reasonable care to avoid injury to at least negligence.........................................................................................................68

Damages. .............................................................................................................68,69

Harm defamatory statement to cause harm...............................................................69

Damages. ..................................................................................................................69

Repeater rule. ......................................................................................................69,70

Damages. ..................................................................................................................70

## NINETEENTH CAUSE OF ACTION
## SLANDER
### Elements:

Slander. ....................................................................................................................70

Damages. ..................................................................................................................70

False statement purporting to be fact...................................................................70,71

Damages. ..................................................................................................................71

publication or communication of that statement to a third person........................71,72

Damages.....................................................................................................................72

fault amounting to at least negligence.......................................................................72

Damages. ..................................................................................................................72

Damages, or some harm caused to the person or entity who is the subject of the statement................................................................................................................72,73

## TWENITH CAUSE OF ACTION
## LIBEL

Daniel v. Paul, 395 U.S. 298 (1969)..................................................................35

Furman v. Georgia  408 US 238, 92 S. Ct. 2726, 33 L. Ed. 2d 346 - Supreme Court, 1972...29

Gibbons v. Ogden 22 US 1, 6 L. Ed. 23, 1824......................................................40

Gordon v Selico (1986) 18 H.L.R. 219................................................................15

Heart of Atlanta Motel v. United States, 379 U.S. 241 (1964)................................35

Hawkins v. McGee 84 N.H. 114, 146 A. 641 (1929)...............................................20

International Shoe Co. v. Washington, 326 U.S. 310 (1945).....................................12

Katz v. U.S. 389 U.S. 347 (1967).......................................................................48

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).....................12

Lucy v. Zehmer 196 Va 493; 84 S.E. 2d 516 (1954)...............................................20

Link v. Wabash R. Co. 370 US 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 - Supreme Court, 1962..29

Miller v. Johnson 515 U.S. 900 (1995).................................................................16

McColloch v. Maryland 17 US 316 (1819)............................................................39

Nelson Radio & Supply Co., Inc. v. Motorola, Inc. 200 F.2d 911 (1952)...................41

Quilter v. Voinovich, 981 F.Supp. 1032 (1997)......................................................16

Sarbi v. U.S. 541 U.S. 600 (2004)......................................................................39

Shaw v. Reno , 509 U.S. 630 (1993) - Reno, 509 U.S. 630 (1993).............................16

Sony Computer Entertainment America v. George Hotz and Hotz v. SCEA, 2011...........48

Standard Oil Co. of NJ v. United Sates, 221 US 1 - Supreme Court 1911....................40

United States v. AT&T 552 F. Supp. 131 (D. D.C. 1982).........................................43

United States v. Jones, 565 U.S. 400 (2012)..........................................................16

United States v. Lee, 106 U. S. 196, 219(1882)......................................................46

Wickard v. Filburn 317 U.S. 111 (1942)..............................................................35

**Directives Ethics Rules & Mission Statements**

Homeland Security Presidential Directive 7............................................................20

Ethics Handbook For On and Off Duty Conduct – can be viewed online free at..............12

Infragard Mission Statement inside.................................................................20,22,23

14 General Principles of Ethical Conduct LIST
1-14..........................................................................................................24,25

VA Mission Statement:   VA's five core values underscore the obligations inherent in VA' mission: Integrity, Commitment, Advocacy, Respect, and Excellence. The core values define "who we are," our culture, and how we care for Veterans and eligible beneficiaries............20

Andre Antonio Davis
P.O. Box 551329
GASTONIA, NC 28054

Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Andre Antonio Davis | ) | Case No: |
| | ) | |
| Plaintiff | ) | **BIVENS ACTION** |
| vs. | ) | **COMPLAINT FOR VIOLATION** |
| | ) | **OF** |
| | ) | **CIVIL AND CONSTITUTIONAL** |
| KNOW & UNKNOWN AGENTS OF | ) | **RIGHTS** |
| DEPARTMENT OF VETERANS | ) | |
| & | ) | |
| AGENTS OF DEPT. HOMELAND | ) | DEMAND FOR JURY TRIAL |
| SECURITY   FBI   & | ) | |
| | ) | |
| FBI LIASION TO INFRAGARD | ) | |
| Defendants | ) | |

## **JURISDICTION**

1.    This is a civil action brought for violations of the First, Fourth, and Fifth

amendments to the United States Constitution pursuant to Bivens v. Six Unknown Named

Agents of Federal Bureau of Narcotics.  403 U. S. 388 (1971). The jurisdiction of this Court is

11

founded upon Sections 28 U. S. C. 1331, 1332 (a), (1), 1391 and Sections 1651, 2201 and 2202. See [1][2][3][4].

[1] Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

[2] International Shoe Co. v. Washington, 326 U.S. 310 (1945) Due process requires only that in order to subject a defendant to a judgment in persona, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

[3] Asahi Metal Industry Co. v. Superior Court – 480 U.S. 102, 107, S. Ct. 1026 (1987).

[4] Burger King Corp v. Ridzewicz 417 U.S. 462 (1985).

## PARTIES

2.      At all relevant times, Plaintiff was a citizen of the United States and a Honorable discharged Veteran that served in the U. S. Marine Corps. during the Gulf War Era and resident of Gastonia, North Carolina.

3.      The Defendant(s) agents of the UNITED STATES OF AMERICA, acting under their capacities while working in their government job.   The Defendants is liable for constitutional deprivations visited upon Plaintiff Mr. Davis under Bivens Action. **Note: periodically DHS will substitute Department of Homeland Security , CISA is an department within DHS, Veterans Affairs will be VA through out this brief.** Attorney Western District of North Carolina) R. Andrew Murray, (FBI Agent and liaison to INFRAGUARD) Luis Velasco (FBI Special Agent) Robert R. Wells (FBI Assist. Special Agent) Beth Boggess. (FBI Special Agent) Micheal E. Stansbury, (FBI Assist. Special Agent) Micheal C. Scherck,    (Department of Homeland Security Acting Secretary) Chad F. Wolf,) (CISA Director Brandon Wales, (CISA

12

Acting Director) Steven Harris (CISA acting Deputy Chief of Staff) John Gountanis, (DHS CISA Deputy Director) Matthew Travis, (DHS CISA Assist Director Integrated Operations Division) Richard Driggers (DHS CISA Chief Learning Officer) Keith Holtermann, (DHS CISA Chief Financial Officer) David Hill (DHS CSIA Chief Acquisition Executive) Patrice Ward (DHS Security CISA Chief of Strategy, Policy, & Plans) Joseph Croce, ( DHS CISA Chief Privacy Office), James Burd,   (DHS CISA Chief Technology Officer) Brian Gattoni, (DHS CISA Chief of Workforce Engagement) Dallas Brown, (DHS CISA Chief Human Capital Officer) Rita Moss,   (Department of Homeland Security CISA Chief Financial Officer) David Hill, (DHS CISA Chief Information Security Officer ) David Epperson, (DHS CISA Chief Information Officer) Samuel Vazquez , (DHS Security Acting Director) Kerry Stewart (DHS Assist. Director for , Chief of Staff) Emily Early (DHS Emergency Comm,)Billy Bob Brown Jr. (Deputy Director), Matthew Travis (Assist. Director for Cybersecurity), Matt Hartman   (DHS CISA Security Acting Director Infrastructure) Scott Brear ( Homeland Security Director Cybersecurity) Matt Hartman, DHS CISA Integrated Operations Richard Driggers, (Chief Operations, Support Officer), Nicole Windham (DHS Deputy Director) Matthew Travis Department of Veterans Affairs, W.G. Bill Hefner Medical Center, Salisbury, N.C. & South Charlotte Medical Center, Charlotte, N.C., Director) Joseph Vaughn, (W.G. Bill Hefner VA Med. Assistant Director) Ronald J. Maurer, (W.G. Bill Hefner VA)   Dr. James Plunkett, (W.G. Bill Hefner VA Med. Center Associate Director) Lily Haken, (W.G. Bill Hefner VA Med. Center Salisbury Head Chief Emergency Room) Dr. John Hobbs, (W.G. Bill Hefner Veterans Medical Center Head of Nursing/Patience Services) .Elizabeth Stroup, (W.G. Bill Hefner Medical Center Veterans Affairs FOIA Officer) Terrell E. Hughly, (W.G. Bill Hefner VA Medical Center General Medicine) Dr. Falguni D. Patel, (W.G Veterans Affairs Medical Center

13

Orthopedic Surgeon) Dr. Jeffery Burns, ( W.G. Bill Hefner VA Medical Center R. N. ) Joan R. Hodge e (W.G. Bill Hefner VA Medical Center Community Care Supervisor) Mary Kelly, (W.G. Bill Hefner VA Medical Center Community Care Coordinator) Felica Hood, (W.G. Bill Hefner VA Medical Center Community Care Coordinator) Shanae Knox (W.G. Bill Hefner VA Medical Center Community Care Coordinator) Felica Rayford, (W.G. Bill Hefner VA Medical Center Community Care Coordinator) Rhonda Butler, (W.G. Bill Hefner VA Medical Center Community Care Coordinator), (W.G. Bill Hefner VA Medical Center Community Care Coordinator), (South Charlotte VA Med. Center Patient Advocate) Valerie Bennett, (South Charlotte HCC Adminstrator) Dave Collins, ( South Charlotte VA Associate Director) Pam Malatestinic, (South Charlotte VA Medical Center Psychiatrist) Dr. Joseph Godfrey, (South Charlotte VA Medical Center Orthopedic Surgeon) Dr. Steven Larsen, (South Charlotte VA Medical Center Primary Care) Dr. Surindra J. Singh, (South Charlotte VA Medical Center VA Police) Jamu K. Sanders, (South Charlotte VA Medical Center VA Police) Terrance Bowins, , and (South Charlotte VA Medical Center MRI Technologies Tech.) Ron Wheaton, (South (Veteran Experience Officer) Tara Manis-Healey, (ENT/Otolaryngology) Summit Kundaria,

## FACTS

4. (COLLECTIVELY, "THE DEFENDANTS") DAVIS sue the Defendants, all of whom are federal employees were acting under their capacities are known and unknown agents. After having a foreseeable fall that could have been prevented and rushed to an outside hospital on August 16, 2018, at South Charlotte VA. Afterward, was promised appointments to be seen a was delayed, denied, and gerrymandered the whole time, denying due process, false misrepresentation, and breaching all contract agreements thru out the VA system and when the

14

plaintiff voiced his rights, received more punishment by agents of the VA doctors, nurses and administrative staff they sent individual(s) of the Homeland Security to stop and block plaintiffs efforts including assault and battery, tagging vehicle with a tracking device, using intimidation and gang stalking tactics racial epithets and other derogatory terms to deprive the plaintiff of fundamental rights and freedoms under the Fourth Amendment. In addition to illegal search and seizures, trespass upon property violations of the Sherman Act. Damage plaintiff vehicle using remote shutoff to stop the car to contain and to imprison plaintiff falsely these agents abused their positions of authority and use other businesses via vertical and horizontal relationships businesses thru out town to cause damage to property intentional and purposely using any means to maintain control a known plaintiffs whereabouts 24 hrs. a day 7 days a week since having a foreseeable and totally preventable fall at a doctor's appointment.

5.      At all times, relevant and material to this complaint, all the Defendants were acting under the color of state law.

## FIRST CAUSE OF ACTION
### Fraudulent Misrepresentation

6.      Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Laision to Infragard & VA intended to commit fraudulent misrepresentation. Fraudulent misrepresentation is any type of lie or false statement that is used to trick a person into an agreement. See [1] Defendant Veterans Affairs used fraudulent misrepresentation was false statements See[2] and lies to trick Mr. Davis in believing he would receive medical attention from fall wheelchair at the Veterans Affairs in Charlotte NC was full of half-truths and broken promises that were extended over a two year period kept changing the appointment purposely to avoid seeing plaintiff and VA community care team reneged on contract after fall

15

injury for additional treatments where the whole process was gerrymandering[3][4][5] from the start and Mr. Davis as a black man received unfair and unequal treatment all members acted together as a collective arm of one. The Department of Homeland Security and the FBI and the FBI liaison to Infragard agents instead of investigation observe and report used agents to damage Mr. Davis vehicles and place tracking devices on phone and car without a warrant or permission causing was a trick that Mr. Davis signed off on it induced to believe thinking he was paying for a car repair without the addition of a free remote tracking device and a remote state put on the vehicle in violations of the Fourth Amendment See [6] causing injury to Mr. Davis. Therefore, Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Laision to Infragard & VA for false misrepresentation.

[1] Gordon v Selico (1986) 18 H.L.R. 219 is an English contract law on the subject of misrepresentation by action.

[2] Curtis v. Chemical Cleaning and Dyeing Co 1KB 805 (1951) incorrect statement.

[3] Shaw v. Reno , 509 U.S. 630 (1993) - Reno, 509 U.S. 630 (1993), was a landmark United States Supreme Court case in the area of redistricting and racial gerrymandering. The court ruled in a 5-4 decision that redistricting based on race must be held to a standard of strict scrutiny under the equal protection clause.

[4 Miller v. Johnson 515 U.S. 900 (1995)  U. S. Supreme Court has affirmed in that racial gerrymandering is a violation of constitutional rights and upheld decisions against redistricting that is purposely devised based on race.

[5] - in Quilter v. Voinovich,  981 F.Supp. 1032 (1997) When a district obviously is created solely to effectuate the perceived common interests of one racial group, elected officials are more likely to believe that their primary obligation is to represent only the members of that group, rather than their constituency as a whole.

[6] United States v. Jones, 565 U.S. 400 (2012) Unanimous decision.  Justice Antonin Scalia delivered the opinion of the Court. The Court affirmed the judgment of the lower court, and held that the installation of a GPS tracking device on Jones' vehicle, without a warrant, constituted an unlawful search under the Fourth Amendment

7. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

8. Defendants agents are known and unknown of the Department of Homeland Security FBI and the FBI Liasion to Infragard & VA intended to commit false representation of a past or existing material fact susceptible of knowledge. A false representation of a past or existing material fact susceptible of knowledge is demonstrate how a defendant may be liable for fraud without meaning to hurt. Defendant commit false representation of a past or existing material fact susceptible of knowledge Veterans Affairs may not been intended but still caused harm due to not giving him full medical treatment from a fall from a wheelchair still prolonged his injuries due to they not knowing their job or not caring about Mr. Davis injuries hoping he go away and the Homeland Security agents and FBI and the FBI Liaison to Infragard agents thought false attachment of a tracker would not hurt nothing is still liable for the action whether intentions are meaning not to cause harm in the course of their investigation was fraudulent in attaching tracking equipment may not know this is a violation of the Fourth Amendment or they just work above the law without regards of who make the laws. Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA is liable for false representation of a past or existing material fact susceptible of knowledge.

9. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

10. Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA intended to commit knowing the representation was false, or without knowing whether it was true or false. Knowing the representation was false, or

17

without knowing whether it was true or false is untrue or incorrect representation regarding a material fact that is made with knowledge or belief of its inaccuracy. Defendant Veterans Affairs as a collective ie: doctors nurses, administrators was knowing the representation was false, or information regardless of knowing it was a true or false misleading plaintiff was a major factor in not receiving medical in a timely manner plaintiff would produce evidence to prove so from and the Homeland Security and FBI and the FBI Liaison Infragard  was incorrect representation by the agents intend to cause injury and did cause injury instead of investigate they committed unlawful seizure of property which is unreasonable in the eyes of the law of Mr. Davis causing him injury .  Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA is liable for knowing the representation was false, or without knowing whether it was true or false.

11.    Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

12.    Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard   & VA intended to commit induce the plaintiff to act in reliance on that representation.   Induce the plaintiff to act in reliance on that representation is depending on relying on the lie. Defendant Veterans Affairs as a collective induces the plaintiff to act in reliance on that representation was a factor relied upon by plaintiff thought to be true only ended up being false representation and the Department of Homeland Security and the FBI and the FBI Liasion to Infragard induce Mr. Davis that his car was fixed correctly with agents that have relationships form watching infrastructure was false instead was used as a front to attach tracking equipment where Mr. Davis was thought, he believe and reliance his car was been repaired instead it was sabotaged not to run correctly purposefully causing injury and

18

causing him to miss Veterans Affairs doctor appointments from the joint task force operation orchestrated between the agencies towards Mr. Davis causing injury. Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liasion to Infragard & VA liable for inducing the plaintiff to act in reliance on that representation.

13. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

14. Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA intended to commit the plaintiff acted in reliance on the defendant's false representation. The plaintiff acted in reliance on the defendant's false representation is one person telling another false information in order to be believed and relied on by another. Defendants the plaintiff acted in reliance on the defendant's false representation was fraudulent conveyed to Mr. Davis in order to make him believe he was going to receive medical attention . The Department of Homeland Security and FBI and the FBI Liaison to Infragard had acted in reliance on the false representation that I was protected by the laws and the constitution by the agents actions this end up being false. Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA is liable of the plaintiff acted in reliance on the defendant's false representation.

15. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

16. Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA intended to commit the other party suffered damages as a result of relying on the representation. The other party suffered damages as a result of relying on the

19

representation is damages in the form of a monetary award to be paid for the misrepresentation. Defendants agents known and unknown the Department of Homeland Security and FBI and the FBI Liaison to Infragard as a collective the other party suffered damages as a result of relying on the representation was the contributing factor towards Mr. Davis injury and plaintiff owe damages. Therefore, the defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA is liable for the other party suffered damages as a result of relying on the representation.

17.     Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

18.     Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison Infragard & VA intended to commit a breach of contract.   Breach of contract is an act of breaking the terms in an instrument or document.   Defendants breach of contract by denial of plaintiffs benefits after a fall at the Veterans Affairs hospital for injuries sustained in which medical service was binding and the VA broke that instrument going against their own core values See [1] by not attending to Mr. Davis injuries right after the fall instead Veterans Affairs used a process forceful and subtle denial of stretching or prolonging medical attention toward Mr. Davis healthcare concerns that caused him additional injuries. The Department of Homeland Security and the FBI and the FBI Liaison to Infragard broke their own directive in seek and destroy tracking mission with numerous agents who watch infrastructure using these tactics and sophisticated high tech support system on Mr. Davis to destroy him mentally and physically abusing their power the law and the Constitution. See [2] [3][4]Therefore, the defendants agents

20

known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA is liable for breach of contract.

**Footnotes:**

[1] VA's five core values underscore the obligations inherent in VA's mission: Integrity, Commitment, Advocacy, Respect, and Excellence. The core values define "who we are," our culture, and how we care for Veterans and eligible beneficiaries.

[2] Homeland Security Presidential Directive 7

[3] Hawkins v. McGee 84 N.H. 114, 146 A. 641 (1929)

[4] Lucy v. Zehmer 196 Va 493; 84 S.E. 2d 516 (1954)

19. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

20. Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison & VA intended to commit a contract. A contract is a legal agreement between two or more parties. Defendant Veterans Affairs contract was broken against the plaintiff for not upholding their end to provide needed medical in a timely manner. The Department of Homeland Security breach their own directives which is no mention about seek and then destroy See[1] and FBI[2][3][4]rules has to follow even during and investigation in which agents overzealous actions caused Mr. Davis injuries. Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA is liable for the contract.

[1] Homeland Security Presidential Directive 7   [2] Ethics Handbook For On and Off Duty Conduct – can be viewed online free at www.justice.gov[3] FBI Infragard Mission Statement (See brochure page 22-23) [4] 14 General Principles of Ethical Conduct (See page 24-25LIST 1-14)

# InfraGard

Tens of thousands of members, one mission: securing infrastructure



Note: Chapters are subject to change

| PACIFIC | NORTH CENTRAL | SOUTH CENTRAL | MIDWEST | NORTHEAST | SOUTHEAST |
|---|---|---|---|---|---|
| Alaska | Chicago | Arkansas | Central Ohio | Albany | Atlanta |
| Arizona | Denver | Austin Capital Texas | Cincinnati | Boston | Charlotte |
| Hawaii | Iowa | Birmingham | Dayton | Bufalo | Delaware |
| Idaho | Kansas City | El Paso | Indiana | Central PA | Eastern Carolina |
| Los Angeles | Minnesota | Houston | Kentucky | Connecticut | Jacksonville |
| Oregon | Nebraska | Huntsville | Knoxville | Maine | Maryland |
| Sacramento | North Dakota | Louisiana | Memphis | New Hampshire | Nation's Capital |
| Salt Lake City | South Dakota | Mississippi | Michigan | New Jersey | Norfolk |
| San Diego | Springfeld | New Mexico | Middle TN | NY City Metro | Orlando |
| San Francisco Bay Area | St. Louis Wisconsin | North Texas | Northern Ohio | Philadelphia | Puerto Rico Richmond |
| Sierra Nevada | | Oklahoma | Toledo | Pittsburgh | South Carolina South Florida |
| Southern Nevada | | Rio Grande | | Rhode Island | Tallahassee |
| Washington State | | San Antonio | | Rochester | Tampa Bay |
| | | | | West Virginia | |

## INFRAGARD STRUCTURE AND MEMBERSHIP

### Membership Requirements:

- U.S. citizen, 18 years or older
- Minimum of 3 years professional experience required
- Affiliated with a critical infrastructure sector
- Consent to and pass FBI security risk assessment and periodic re-certifications
- Notify the FBI of any pending criminal matters
- Sign and adhere to a confidentiality and non-disclosure agreement
- Agree to adhere to InfraGard Code of Ethics and Information Sharing Policies

### How to Join:

# brochure FBI INFRAGARD MISSION STATEMENT



InfraGard is a partnership between the Federal Bureau of Investigation (FBI) and members of the private sector for the protection of U.S. Critical Infrastructure. Through seamless collaboration, InfraGard connects owners and operators within critical infrastructure to the FBI, to provide education, information sharing, networking, and workshops on emerging technologies and threats. InfraGard's vetted membership includes: business executives, entrepreneurs, lawyers, security personnel, military and government officials, IT professionals, academia and state and local law enforcement — all dedicated to contributing industry-specific insight and advancing national security. Today there are members in 77+ local InfraGard Member Alliances (IMAs), represented nationally by the InfraGard National Members Alliance (INMA). Each IMA is connected to an FBI Field Office.





**Mission:**
The mission of the InfraGard Program is to foster collaboration and information sharing that enhances our collective ability to address threats to the United States' critical infrastructure through a robust private-sector/ government partnership.

**Goal:**
The over-arching goal of InfraGard is to promote ongoing dialogue and timely communication between members and the FBI. InfraGard members gain access to information enabling them to protect their assets and in turn, give information to the government in order to prevent and address terrorism, cyber threats, and other crimes.

---

Case 3:20-cv-00732-FDW-DSC  Document 1  Filed 12/29/20  Page 47 of 103

**LIST 1-14.....14 General Principles of Ethical Conduct**

The following general principles apply to every employee and may form the basis for the standards contained in this part. Where a situation is not covered by the standards set forth in this part, employees shall apply the principles set forth in this section in determining whether their conduct is proper:

1. Public service is a public trust, requiring employees to place loyalty to the Constitution, the laws and ethical principles above private gain.

2. Employees shall not hold financial interests that conflict with the conscientious performance of duty.

3. Employees shall not engage in financial transactions using nonpublic Government information or allow the improper use of such information to further any private interest.

4. An employee shall not, except as permitted by [these standards of conduct], solicit or accept any gift or other item of monetary value from any person or entity seeking official action from, doing business with, or conducting activities regulated by the employee's agency, or whose interests may be substantially affected by the performance or nonperformance of the employee's duties.

5. Employees shall put forth honest effort in the performance of their duties.

6. Employees shall not knowingly make unauthorized commitments or promises of any kind purporting to bind the Government.

7. Employees shall not use public office for private gain.

8. Employees shall act impartially and not give preferential treatment to any private

24

Case 3:20-cv-00732-FDW-DSC   Document 1   Filed 12/29/20   Page 48 of 103

organization or individual.

9. Employees shall protect and conserve Federal property and shall not use it for other than authorized activities.

10. Employees shall not engage in outside employment or activities, including seeking or negotiating for employment, that conflict with their official Government duties and responsibilities.

11. Employees shall disclose waste, fraud, abuse, and corruption to the appropriate authorities.

12. Employees shall satisfy in good faith their obligations as citizens, including all just financial obligations, especially those—such as Federal, State, or local taxes—that are imposed by law.

13. Employees shall adhere to all laws and regulations that provide equal opportunity for all Americans regardless of race, color, religion, sex, national origin, age, or handicap.

14. Employees shall endeavor to avoid any actions creating the appearance that they are violating the law or the ethical standards set forth in this part. Whether particular circumstances create an appearance that the law or these standards have been violated shall be determined from the perspective of a reasonable person with knowledge of the relevant facts

**END........................................................ 14 General Principles of Ethical Conduct LIST 1-14.**

21. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

22. Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA intended to commit offer. Offer is a proposal that binds all parties. Defendant's offer was binding at the time of the breach as long as the requirements of

25

Honorable Discharge and service ratings are intact and it was at the time of incident. As fore mention the Department of Homeland FBI and the FBI Liaison to Infragard broke their ethical rules when they offer to investigate Mr. Davis via the Veterans Affairs after his fall from a wheelchair inside the VA hospital. Therefore, agents are known and unknown of the Department of Homeland Security FBI and the FBI liaison to Infragard & VA is liable for offer.

23. Defendants owe damages in an amount exceeding 75,000 dollars. Defendants is liable for damages.

24. Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA intended to commit acceptance. Acceptance is an offer is the expression of assent to its terms. Defendant acceptance was in affect at the time of fall then broken due to defendants noncompliance of medical services in an attempt to hide any liability. The FBI and the FBI liaison to Infragard acceptance was broken due to mistreatment to Mr. Davis causing him injuries. Therefore, defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA are liable of acceptance.

25. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

26. Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA intended mutual assets. Mutual asset is an agreement or the meeting of the minds. Defendant Veterans Affairs mutual asset was in place before reneging on the plaintiff Mr. Davis causing him injury. The Department of the Homeland Security and the FBI and the FBI liaison to Infragard was broken from the start by breaking their own ethical codes that

26

is extended to Mr. Davis out of mutual respect that was never render to Mr. Davis causing him injury. Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA is liable for mutual assets.

27. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

28. Defendant agents known and unknown of the Department of Homeland Security FBI & VA intended to commit consideration. Consideration is bargaining before binding the contract. Defendant's consideration was bargained with the plaintiff for a total of 2 yrs. prior to the fall afterwards defendants Veterans Affairs forced Mr. Davis into bargaining for his benefits in which broke the terms without due process. The Department of Homeland Security FBI and FBI Infragard used force consideration by bargaining on the Constitutional rights owed Mr. Davis causing him injury. Therefore, agents known and unknown of the Department of Homeland Security FBI & VA is liable for consideration.

29. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

30. Defendant agents known and unknown of the Department of Homeland Security FBI FBI Infragard & VA intended to commit capacity. Capacity is mentally competent at the signage of contract. Defendants and plaintiff were competent signing the contract defendants Veterans Affairs forgetting the terms of the contract cannot be said if they were not competent at all when contract evolved around medical services for veterans. The Department of Homeland Security and the FBI and FBI Infragard capacity was broken from actions of conducting a incompetent investigation which some agents capacity was lacking do to their repeated attacks to

27

cause harm resulting in Mr. Davis injuries. Therefore, the defendant agents known and unknown of the Department of Homeland Security FBI and FBI Infragard & VA is liable of capacity.

31. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

32. Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI liaison to Infragard & VA intended to commit legality. Legality is a state of being under the law. Defendants' Department of Veterans legality was under the law at the time it was in violation causing injury to the plaintiff because the VA acted above all the Congress laws that are established using a pseudo law and strong-arm tactics breaking contractual terms. The Department of the Homeland Security and the FBI and the FBI liaison to Infragard was under the law when violations of Mr. Davis constitutional rights by agents abuse of power caused him injury. Therefore, agents known and unknown of the Department of Homeland Security FBI & VA is liable for legality.

33. Defendants owe damages in an amount exceeding 75,000 dollars. Defendants is liable for damages.

34. Defendant agents known and unknown of the Department of Homeland Security FBI & VA intended to commit damages. Damages are the sum of money the law imposes for a breach of some duty or violation of some right. Defendant owes all damages. Therefore, defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA is liable for damages.

## THIRD CAUSE OF ACTION
### (Procedure Due Process)

35. Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA intended to commit procedure due process. Procedure due process is a legal doctrine in the United States that requires government officials to follow fair procedures before depriving a person of life, liberty, or property. See [1][2][3] Defendants procedure due process was not even initiated even when plaintiff complains in house about it no procedure due process never occurred and was deprived of all right after having a fall at their facility and was denied and ignored full medical services for close to 2 years and after. Therefore, defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA is liable of procedure due process.

[1] Furman v. Georgia  408 US 238, 92 S. Ct. 2726, 33 L. Ed. 2d 346 - Supreme Court, 1972

[2] Link v. Wabash R. Co. 370 US 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 - Supreme Court, 1962

[3] Carey v. Piphus 435 U.S. 247 (1978) procedure due process violation.

36. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

37. Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA intended to commit unbiased tribunal. Unbiased tribunal is a law court.  The defendant Veterans Affairs tribunal was not offered to the plaintiff when the VA downsized plaintiffs benefits without due process instead send Homeland Security FBI and the FBI Liaison to Infragard tribunal was offer by the same agents who was the judge and the executioner of Mr Davis constitutional rights which caused him injury.  Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the

29

FBI Liaison to Infragard & VA are liable for the unbiased tribunal.

38.  Defendants owe damages in an amount exceeding 75,000 dollars defendants is liable for damages.

39.  Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA intended to commit notice of the proposed action and the grounds for it.  Notice of the proposed action and the grounds for it is notice, the opportunity to be heard, and a decision by a neutral decisionmaker. Defendant's Veterans Affairs notice was never received verbal, written, or by mail the for such an action to Mr. Davis which cause him injury. The Department of Homeland Security FBI and the FBI Liaison to Infragard never gave Mr. Davis notice of any action and the grounds for his investigation they just took his rights as they pleased, Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA is liable for notice of the proposed action and the grounds for it.

40.  Defendants owe damages in an amount exceeding 75,000 dollars. Defendants are liable for damages.

41.  Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA intended to commit opportunity to present reason for the proposed action not to be taken.  Opportunity to present reason for the proposed action not to be taken is a window of time to agree or deny such actions take place.  Defendants Veterans Affairs opportunity to present reason for the proposed action not to be taken was not allotted to Mr. Davis to refute the decision in the matter. The Department of Homeland Security the FBI and the FBI Liaison to Infragard never gave as window of opportunity for Mr. Davis to deny or

30

agree such action should take place which caused Mr. Davis injuries. Therefore, defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA is liable for opportunity to present reason for the proposed action not to be taken.

42. Defendants owe damages in an amount exceeding 75,000 dollars. Defendants are liable for damages.

43. Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit the rights to know the opposing sides evidence. The rights to know the opposing side evidence is a document, video that draws a conclusion for the decision to withdraw benefits. Defendant's Veterans Affairs rights to know the opposing side evidence was not received or agreed upon or denied at any time after the foreseeable fall to draw a conclusion on why Mr. Davis was denied due process and medical after his injury. The Department of Homeland Security FBI and the FBI Liason to Infragard never afforded Mr. Davis the rights to know the opposite side the evidence during the course of the investigation. Therefore, defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA are liable for the rights to know the opposing side evidence.

44. Defendants owe damages in an amount exceeding 75,000 dollars Defendants are liable for damages.

45. Defendant individual agents known and unknown of the Department of Homeland Security & VA intended to commit adverse "hostile witness" to be cross-examined. Adverse is hostile and cross-examine is a witness at a trial who is so adverse to the party that called him or her

31

that he or she can be cross-examined as though called to testify by the opposing party. Defendant Veterans Affairs adverse hostile witness to be cross-examined was not received by the plaintiff before reducing medical services. The Department of Homeland Security FBI and the FBI Liaison to Infragard never introduce an adverse witness to be cross-examined to Mr. Davis at anytime during their investigative work. Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for adverse hostile witnesses to be cross-examined.

46. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

47. Defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to Infragard & VA intended to commit a decision based only on the evidence presented. A decision based only on the evidence presented is any of the material items or assertions of fact. Defendant's Veterans Affairs decision based only on the evidence presented and Mr. Davis was not afforded the opportunity to present any evidence in his defense due to VA one sided decision on the issue of denial of additional medical services after fall from a wheelchair. The Department of Homeland Security FBI and the FBI Liaison to Infragard based their investigation only on what VA instructed them in regard to the fall without Mr. Davis afforded an opportunity to assert facts in his defense that cause Mr. Davis injury. Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of evidence.

48. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

49.    Defendant agents known and unknown of Department Homeland Security FBI and the FBI Liaison to Infragard & VA intended to commit rights to be represented by counsel.   The right to representation by counsel is the defendant has a right to have an attorney.   Defendant Veterans Affairs denied an attorney or advocate before taking Mr. Davis due process rights causing Mr. Davis injury. The Department of Homeland Security FBI and the FBI Liaison to the Infragard never afforded Mr. Davis representation from an attorney before taking his rights to be free from continuous search and seizure.   Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for the rights to be represented by counsel.

50.    Defendants owe damages in an amount exceeding 75,000 dollars. Defendants are liable for damages.

51.    Defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit a requirement that the tribunal prepare a record of the evidence presented. A requirement that the tribunal prepare a record of the evidence presented is a disciplined approach to using data and research to inform and guide decision making of record from the law court. Defendant's Veterans Affairs a requirement that the tribunal prepare a record of the evidence presented was nonexistence Mr. Davis was not allowed such a benefit at any time after the fall. The Department of Homeland Security FBI and the FBI Liaison to the Infragard never informed Mr. Davis of any documents warrants from a co subjected to arrest. Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for a requirement that the tribunal prepare a record of the evidence presented.

52.     Defendants owe damages in an amount exceeding 75,000 dollars Defendants are liable for damages.

53.     Defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit the requirement of a tribunal prepare written findings of fact and reason for its decision.   The requirement of a tribunal prepares written findings of fact and the reason for its decision is evidence to render a decision. Defendant's Veterans Affairs requirement of tribunal prepares written findings of fact and the reason for its decision was never offer or received by Mr. Davis. The Department of Homeland Security FBI and the FBI Liaison to the Infragard never informed Mr. Davis of writing facts from any tribunal as to why the decision to take his rights to freedom as a citizen of the United States.   Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for the requirement of a tribunal to prepare written findings of fact and reason for its decision.

54.     Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

55.     Defendants owe damages in an amount exceeding 75,000 dollars including three times the amount in "trebles" for plaintiff injury. Defendants are liable for damages.

### FOURTH CAUSE OF ACTION
**Commerce Clause Article I Section 8**
**Violation Civil Rights Acts of 1964**

56.     Defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard intended to violate the Commerce Clause under Civil Rights of 1964. Commerce Clause under Civil Rights of 1964 is ruled that Congress could regulate a

34

business that served mostly-interstate travelers See [1][2] Defendant Veterans Affairs was in violation of the Commerce Clause under Civil Rights when they denied Mr. Davis treatments due and gerrymander the his rights because of the color of his skin they prolong Mr. Davis service for two years civil rights under the Commerce Clause when they denied him medical attention from a fall inside their facilitates. The Department of Homeland Security FBI and the FBI Liaison to the Infragard violated Mr. Davis Civil Rights under the Commerce Clause letting their agents have there way by damaging his car assaulting him calling him a nigger and other derogatory names causing Mr. Davis injury. Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for Commerce Clause under Civil Rights Act of 1964.

[1] Heart of Atlanta Motel v. United States, 379 U.S. 241 (1964), ruled that Congress could regulate a business that served mostly-interstate travelers.

[2] Daniel v. Paul, 395 U.S. 298 (1969), ruled that the federal government could regulate a recreational facility because three of the four items sold at its snack bar were purchased from outside the state.

57.     Defendants owe damages in an amount exceeding 75,000 dollars including three times the amount in "trebles" for plaintiff injury. Defendants are liable for damages.

## FIFTH CAUSE OF ACTION
### (Elements of the Offense)
### To establish a criminal violation of Section 1 of the Sherman Act (15 U.S.C. § 1),

58.     Defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit element of the offense. The element of the offense is obtaining of property from another induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right. Defendants' Veterans Affairs element of the offense was to commit force, violence and fear under the color of law in an

35

individual capacity taking over Mr. Davis property benefits and freedoms using their government position recruiting agents to seek and destroy Mr. Davis causing injury. The Department of Homeland Security FBI and the FBI Liaison to the Infragard used their government position to instill fear and intimidation tactics using brute force threats racial epithets a group of their agents told him they watch buildings and niggers towards Mr. Davis a black man in the course of their illegal investigation use to control and monitor is considered a seizure and a search causing Mr. Davis injury. Therefore, the defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for the element of the offense.

59.    Defendants owe damages in the amount exceeding 75,000 dollars.   Defendants is liable for damages including trebles three times the amount of the award.

60.    Defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit the charged conspiracy was knowingly formed and was in existence at or about the time alleged. The charged conspiracy was knowingly formed and was in existence at or about the time alleged is defendant knowingly joined the charged conspiracy; and the charged conspiracy either substantially affected interstate or foreign commerce or occurred within the flow of interstate or foreign commerce. The Veterans Affairs knowing join a charged conspiracy was knowingly formed and affected interstate commerce by coordinated violence and in each city Mr. Davis travel agent are nested everywhere they join each time you cross a county within the time alleged during the flow of commerce causing Mr. Davis injury.   The Department of Homeland Security FBI and the FBI Liaison to the Infragard s join the charged conspiracy during their warrantless investigation during the course of interstate commerce that affected commerce causing injury to Mr. Davis injury.   Therefore,

defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for the charged conspiracy was knowingly formed and was in existence at or about the time alleged.

61. Defendants owe damages in the amount exceeding 75,000 dollars. Defendants is liable for damages, including trebles three times the amount.

62. Defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit the defendant knowingly joined the charged conspiracy. The defendant knowingly joined the charged is knowing of the conspiracy and still participated. Defendants knowingly joined the charged conspiracy was joining the conspiracy to induce harm that cause Mr. Davis injury. Therefore, defendants is liable of the defendant knowingly joined the charged conspiracy.

63. Defendants owe damages in the amount exceeding 75,000 dollars. Defendants is liable for damages including trebles three times the amount of the award.

64. Defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit the charged conspiracy either substantially affected interstate or foreign commerce or occurred within the flow of interstate or foreign commerce. The charged conspiracy either substantially affected interstate or foreign commerce or occurred within the flow of interstate or foreign commerce. Defendant Veterans Affairs actions of not allowing full benefits that was promised gerrymandering the process this occurrence repeated numerous times would have an effect on Commerce it takes persons in decent health for commerce to move whether buying or sales would affect flow of commerce. The Department of Homeland Security FBI and the FBI Liaison to the Infragard investigations using government equipment for a non-terrorist threat would be a waste of governmental resources that

37

could be aimed at real threats thus affecting commerce and national security that caused injury to Mr. Davis. Therefore, agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison is liable for the charged conspiracy either substantially affected interstate or foreign commerce or occurred within the flow of interstate or foreign commerce.

65.    Defendants owe damages in the amount exceeding 75,000 dollars.   Defendants is liable for damages including trebles three times the amount.


## SIXTH CAUSE OF ACTION
### Necessary and Proper Clause
### (Article I, Section 8, Clause 18)

66.    Defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to violate The Necessary and Proper Clause.

The Necessary and Proper Clause allows Congress See [1][2] "To make all Laws which shall be necessary and proper for carrying into Execution the [enumerated] Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof." Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA collectively and in concert between each agency violated The Necessary and Proper Clause with bribery with local businesses during the course of an investigation against Mr. Davis causing him injury.   Therefore, defendant agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for The Necessary and Proper Clause.

[1]   Sarbi v. U.S. 541 U.S. 600 [2]   McColloch v. Maryland 17 US 316 (1819)

67.    Defendants owe damages in an amount exceeding 75,000 dollars including three times the amount in trebles for plaintiff injury. Defendants are liable for damages.

38

## SEVENTH CAUSE OF ACTION
### (Violation of Sherman Act 1 Section 8 Clause 3)

68. Defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit violations of the Commerce Clause Article I, Section 8, Clause 3. Commerce Clause Article I, Section 8, Clause 3 is describes an enumerated power listed in the United States Constitution (Article I, Section 8, Clause 3). The clause states that the United States Congress shall have power to regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes. See[1] Defendant Veterans Affairs violated Commerce Clause Article I, Section 8 Clause 3 only Congress can regulate commerce and the actions taken by the Veterans Affairs business and commerce that flow within intrastate of North Carolina and interstate is regulated by Congress and the Commerce Clause and the violations of this clause was broken by denial of benefits that was promised and broken the contractual agreement thus breaking the clause and is not regulated by states just Congress in this regard which caused Mr. Davis injury. The Department of Homeland Security FBI and the FBI broke the commerce clause by conducting a warrantless search and attaching tracking device on Mr. Davis vehicle where agents in each city used the tracker to assault and cause harm to property and Mr. Davis. Therefore, defendants agents known and unknown of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for the Commerce Clause.

[1] Wickard v. Filburn 317 U.S. 111 (1942) Courts held home grown wheat can affect commerce.

[1] Gibbons v. Ogden 22 US 1, 6 L. Ed. 23, 1824

### a. Violation of the Sherman Act I Proving a Contract, Combination, or Conspiracy

Defendant known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit violation of the Sherman Act I Proving a Contract, Combination, or Conspiracy. See [1] Violation of the Sherman Act I Proving a

39

Contract, Combination, or Conspiracy is Section 1 of the Sherman Act provides every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce is declared to be illegal. 15 U.S.C. This language gives virtually no shape to this statute because, literally, every contract restrains trade.

[1] Standard Oil Co. of NJ v. United Sates, 221 US 1 - Supreme Court 1911.

**a1**. Defendants owe damages in an amount exceeding 75,000 dollars including three times the amount in "trebles" for plaintiff injury. Defendants liable for damages.

### b. Violations of Sherman Act I Expressed Agreements Contracts

Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit expressed agreements. See [1] Expressed agreements is an express agreement in violation of Section 1 can manifest itself in the form of a written contract, a handshake agreement, or a call to action followed by the action called for. Defendant Veterans Affairs most observe VA initiate the latter two with their shared partners the usually handshake or call to action when you step on and within their facilities to access treatment and a lot of personal make your visit very unpleasant intentional my phones frequency address is shared between agencies in the VA with their partners to know my whereabouts so Mr. Davis is observed by every camera on the facilities was a violation of my rights to be free.

[1] Addyston Pipe & Steel Co. v. United States, 175 U.S. 211, 213-18 (1899).

**b1.** Defendants owe damages in an amount exceeding 75,000 dollars including three times the amount in "trebles" for plaintiff injury. Defendants liable for damages.

### c. Violations of Sherman Act I Contract Agreements Within A Single Entity

Defendants known and unknown agents of the Department of Homeland Security FBI and the

40

FBI Liaison to the Infragard & VA intended to commit contract agreement within a single entity. Contract agreements within a single is a significant aspect in vertical and horizontal agreements is the concept of "single economic entity" or "single economic unit". See [1]    Defendant Veterans Affairs is a behemoth of an organization that spans intrastate and interstate with a huge reach in foreign countries and is capable to use vertical and horizontal relationships within their own corporation and shared relationships within their own single entity that caused Mr. Davis injury. The Department of Homeland Security FBI and the FBI Liaison to the Infragard have the backing of government shared partnerships federal and private vertical and horizontal relationships as a single entity abuse Mr. Davis constitutional rights. Therefore, agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of contract agreements with a single entity.

[1] NELSON RADIO & SUPPLY CO., Inc. v. MOTOROLA, Inc. 200 F.2d 911 (1952)

**c1a.** Defendants owe damages in an amount exceeding 75,000 dollars including three times the amount in "trebles" for plaintiff injury. Defendants liable for damages.

**c2.** Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to the existence of a contract, combination, or conspiracy among two or more persons or entities. The existence of a contract, combination, or conspiracy among two or more persons or entities is every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce is declared to be illegal. This language gives virtually no shape to this statute because every contract "restrains" trade. Defendants' Veterans Affairs form illegal contract resulting in a conspiracy with other individuals and agencies deputized as an additional arm of abuse against the Mr. Davis causing injury. The Department of Homeland Security FBI and the FBI Liaison to Infragard conspired

41

and formed contracts that affected commerce is illegal and caused injury to Mr. Davis. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for intended to the existence of a contract, combination, or conspiracy among two or more persons or entities.

**c2a.** Defendants owe damages in an amount exceeding 75,000 dollars including three times the amount in" trebles" for plaintiff injury. Defendants are liable for damages.

**c3.** Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit that unreasonably restrains trade or competition. That unreasonably restrains trade or competition is interpret Section 1 to only prohibits unreasonable restraints of trade. Defendants Veteran Affairs actions unreasonably restraints of trade causing Mr. Davis injury. The Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA investigation caused an unreasonably restrains on trade or competition which cause Mr. Davis injury. Therefore, defendants agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA are liable of unreasonably restraints trade or competition.

**c3a.** Defendants owe damages in an amount exceeding 75,000 dollars including three times the amount in "trebles" for plaintiff injury. Defendants are liable for damages.

**c4.** Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit which affects interstate or foreign commerce. Which affects interstate commerce or foreign commerce is ("agreements, conspiracies or trusts in restraint of trade") commerce pre se rule. Defendants Veterans Affairs affect interstate commerce violated agreements, restrained trade, and/or conspiracies which caused Mr. Davis injury. The Department of Homeland Security FBI and the FBI Liaison to the

Infragard investigation affects interstate or foreign commerce Therefore, the defendants agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of affects which affects interstate or foreign commerce.

**c4a.** Defendants owe damages in an amount exceeding 75,000 dollars including three times the amount in "trebles" for plaintiff injury. Defendants are liable for damages.

**EIGHTH CAUSE OF ACTION**
**(Violation of Sherman Act 2)**

69. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to violate the Sherman Act 2. Violation of the Sherman Act 2 makes it illegal to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations the text of this prohibition has not changed since it was enacted in 1890. See [1] Defendant Veterans Affairs violation of the Sherman Act 2 was monopolized relationships with other agents and nationwide, intrastate and interstate to monopolize and conspire that caused Mr. Davis injury. the Department of Homeland Security FBI and the FBI Liaison to the Infragard violated the Sherman Act 2 ran an monopoly during their investigation that caused Mr. Davis injury. Therefore, the defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard &VA is liable for the violation of the Sherman Act 2.

[1] United States v. AT&T 552 F. Supp. 131 (D. D.C. 1982).

70. Defendants owe damages in an amount exceeding 75,000 dollars including three times the amount in "trebles" for plaintiff injury. Defendants liable for damages.

71. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit the willful acquisition or

43

maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident. The willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident is monopoly power in the relevant market. Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident is monopoly power in the relevant market was a monopoly in which the defendants are major contributors of jobs, medical in security and one of the major incomes in the state that contain plaintiff within the common business relationship. Therefore, defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident.

72. Defendants owe damages in an amount exceeding 75,000 including three times the amount in "trebles" dollars for plaintiff injury. Defendants liable for damages.

73. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit qualifying exclusionary or anticompetitive acts designed to establish a monopoly. Qualifying exclusionary or anticompetitive acts is designed to establish a monopoly is judging the conduct of an alleged monopolist requires an in-depth analysis of the market and the means used to achieve or maintain the monopoly. Defendants agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA qualifying exclusionary or anticompetitive acts was a monopoly of control city and statewide due to agents and business contacts. Therefore, defendants agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for

44

qualifying exclusionary or anticompetitive acts.

74. Defendants owe damages in an amount exceeding 75,000 dollars including three times the amount in "trebles" for plaintiff injury. Defendants liable for damages.

75. Defendant agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit a dangerous probability of success actual monopolization. Dangerous probability of success actual monopolization is the possession of "market power" in the relevant geographic and product markets. Defendant agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA dangerous probability of success actual monopolization held market power in the local area that controls relationships in different companies causing a monopoly which caused Mr. Davis injury. Therefore, defendants agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for the dangerous probability of successful actual monopolization.

76. Defendants owe damages in an amount exceeding 75,000 dollars including three times the amount in "trebles" for plaintiff injury. Defendants liable for damages.


## NINTH CAUSE OF ACTION

### (False Imprisonment & False Arrest)

77. Plaintiff reallege and incorporate by reference all the preceding paragraphs.

78. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit false imprisonment. False imprisonment occurs when a person intentionally restricts another person's movement within any area without legal authority, justification, or the restrained person's permission. Actual physical restraint is not necessary for false imprisonment. See [1] Defendants known and unknown agents

45

of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA false imprisonment and false arrest was committed whenever Mr. Davis travel he was false imprison at his VA doctors visits and in town restriction constant around the clock detainment due to every agency and agent had his global positioning system (GPS) frequency causing injury to Mr. Davis. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable false imprisonment and false arrest.

[1] United States v. Lee, 106 U. S. 196, 219(1882).

79.  Defendants owe damages in the amount exceeding 75,000 dollars for injury to plaintiff.  Defendants is liable for damages.

80.  Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended willful detention. Willful detention is intentional; not accidental.  Detention is the act of keeping back, restraining, or withholding by design a person or thing.  Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA monopolized detention was harassment to the fullest degree anywhere in town was met with restriction and willful detention causing Mr. Davis injury.  Therefore, the defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for willful detention.

81.  Defendants owe damages for punitive and compensatory in a amount exceeding 75,000 for injury to plaintiff.  Defendants is liable for damages.

82.  Therefore, the defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA Defendants without consent.  Without consent is not have permission to perform a task.  Defendants Veterans Affairs without consent

46

Inprison Mr. Davis during the his doctor appointments. The Department of Homeland Security FBI and the FBI Liaison to the Infragard without consent of Mr. Davis violated his Fourth amendment rights performing false arrest and illegal search. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of without consent.

83.  Defendants owe damages in an amount exceeding 75, 000 dollars. Defendants is liable for damages.

84.  Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA without authority of lawful arrest. Without authority of lawful arrest is not having the legal means to effect an arrest. Defendants Veterans Affairs without authority was exceeded pass their position to make arrest and commit of search of Mr. Davis property during hospital appointments causing Mr. Davis injury. The Department of Homeland Security FBI and the FBI Liaison to the Infragard without authority of law of arrest Therefore, defendants is liable of without authority of lawful arrest. Therefore, the defendants agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of without authority of lawful arrest.

85.  Defendants owe damages in an amount exceeding 75, 000 dollars. Defendants is liable for damages.

**TENTH CAUSE OF ACTION**
**(Computer Fraud and Abuse Act)**
**18 U. S. C. 1030(a)(2)(c)**

86.  Plaintiff realleges and incorporate by reference all of the preceding paragraphs.

87.  Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit the Computer Fraud and

47

Abuse Act (CFAA). The law prohibits accessing a computer without authorization, or in excess of authorization. See[1][2] Defendants agents of Veterans Affairs access Mr. Davis cellphone without permission during visits at hospital causing injury to Mr. Davis. The Department of Homeland Security FBI and the FBI Liaison to the Infragard unauthorized remote access was prohibited and exceeded any amount of access time to Mr. Davis car computer cellphone and using it as a tracking device and cell as a listening visual device causing Mr. Davis injury. Therefore, defendant agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA Defendants is liable for the Computer Fraud and Abuse Act.

[1] Sony Computer Entertainment America v. George Hotz and Hotz v. SCEA, 2011. SCEA sued "Geohot" and others for jailbreaking the PlayStation 3 system. The lawsuit alleged, among other things, that Hotz violated 18 U.S.C. § 1030(a)(2)(c) ([by] taking info from any protected computer). Hotz denied liability and contested the Court's exercise of personal jurisdiction over him.[41] The parties settled out of court. The settlement caused Geohot to be unable to legally hack the PlayStation 3 system furthermore. [2] Katz v. U.S. 389 U.S. 347 (1967)

88.     Defendants owe for damages in the amount that exceeds 75,000 for plaintiff injuries. Defendants is liable for damages.

89.     Defendants known and unknown agents and the Department of Homeland Security & VA intended to commit unauthorized access. Unauthorized access is unauthorized access without legal authority. Unauthorized access is unauthorized access without legal authority Unauthorized access refers to someone. gaining logical or physical access without permission to a computer network, system, application software, data, or other resource. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA collectively gain access to Mr. Davis cellphone and computer that run the cars systems to track monitor and listen without permission or legal authority. Therefore,

48

defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for unauthorized access is unauthorized access without legal authority.

90. Defendants owe damages in the amount exceeding 75,000 dollars for injury to plaintiff. Defendants is liable for damages.

**ELEVENTH CAUSE OF ACTION**
**(Computer Fraud and Abuse Act)**
**18 U. S. C. 1030 (e)**

91. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit protected computer. Protected computer prohibits a number of different kinds of conduct, generally involving unauthorized access to, or damage to the data stored on, "protected computers" Defendant Veterans Affairs intercepted the frequency of the computer to track and listen without authorization to Mr. Davis cellphone which is a computer causing injury to Mr. Davis. The Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA system engineers collectively maintain and control, tracked and monitor cellphone cars on board electronics without authorization or a warrant causing Mr. Davis injury. Therefore, known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for access protected computer.

92. Defendant owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

93. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit which is used in interstate or foreign commerce. Which is used in interstate or foreign commerce is any phone that's used on the

49

internet. Defendant known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA collectively access a protected computer, cellphone and car electronics used in interstate or foreign commerce as a tracking device causing injury to Mr. Davis. Therefore, known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for used in interstate or foreign commerce.

94. Defendant owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

## TWELFTH CAUSE OF ACTION
### (Inclusion to Seclusion)

95. Plaintiff reallege and incorporate by reference all the preceding paragraphs.

96. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit inclusion upon seclusion. Courts have held a defendant commits inclusion upon seclusion the person must have exception of privacy. Inclusion on seclusion is a privacy tort; intentionally intruding on the seclusion or private affairs or concerns of another if the intrusion would be highly offensive to a reasonable person. Defendants Veterans Affairs intended to commit inclusion upon seclusion taking Mr. Davis cellphone frequency to steal monitor and exploit electronics use to track, monitor and disable cars and electronics causing damage while visiting VA to monitor and report his whereabouts on hospital facilities would be highly offensive to a reasonable person causing Mr. Davis injury. The Department of Homeland Security FBI and the FBI Liaison to the Infragard intrusion upon seclusion of Mr. Davis electronics cellphones, car electronics attaching tracking devices to invade Mr. Davis privacy would be highly offensive to a reasonable person. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for inclusion on seclusion.

50

97. Defendants owe damages for compensatory and punitive for plaintiff injury. Defendants is liable for damages.

98. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit intentionally. Intentionally is means done deliberately. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intentionally invaded Mr. Davis private affairs electronic or personal causing injury to Mr. Davis. Therefore, dependents known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of intentionally.

99. Defendant owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

100. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit intruding. Intruding is the act of wrongfully entering upon, seizing, or taking possession of the property of another. Defendants Veterans Affairs intruding was intended to seize and take possession of defendants property (cellphone) and cars location without warrant or without permission causing Mr. Davis injury. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA was intruding on personal property, personal data without permission or warrant causing Mr. Davis injury. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for intruding.

101. Defendants owe damages punitive damages in an amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

51

102. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit on the solitude or seclusion of another person, or on their private affairs. On the solitude or seclusion of another person, or on their private affairs is solely of an intentional interference with his interest in solitude or seclusion, either as to his person or as to his private affairs or concerns. Defendants Veterans Affairs invaded the solitude and privacy of Mr. Davis cellphone medical record official government reports causing Mr. Davis cellphone. Defendants agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard on the solitude or seclusion of another person, or on their private affairs was forceful and intended to meddle in plaintiffs private affairs twenty four hours a day seven days a week during a warrantless investigation. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of on the solitude or seclusion of another person, or on their private affairs.

103. Defendant owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages

104. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit in a manner that would be highly offensive to a reasonable person. In a manner that would be highly offensive is a reasonable person is s a hypothetical individual who approaches any situation with the appropriate amount of caution and then sensibly takes action. It is a standard created to provide courts and juries with an objective test that can be used in deciding whether a person's actions constitute negligence. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA actions and inactions would be highly offensive to a reasonable person was below standards that of a reasonable person was negligent to invade persons privacy. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to

52

the Infragard & VA is liable of in a manner that would be highly offensive to a reasonable person.

105. Defendants owe damages in the amount exceeding 75,000 dollars. Defendants is liable for damages.

106. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit damages. Damages is are a remedy in the form of a monetary award to be paid to a claimant as compensation for loss or injury. To warrant the award, the claimant must show that a breach of duty has caused foreseeable loss. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA damages was for the illegal intrusion of plaintiff expectation of privacy. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for damages.

## THIRTEENTH CAUSE OF ACTION

### (Trespass to Chattel)

107. Plaintiff reallege and incorporate by reference all the preceding paragraphs.

108. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit trespass to chattels. Courts have held a defendant commits trespass to chattel must have authorization before such intrusions. Trespass to chattel is a tort whereby one party intentionally interferes or intentionally intermeddles with another person's lawful possession of a chattel. Defendant Veterans Affairs trespass to chattels Mr. Davis cellphone and cars electronics to monitor and track causing Mr. Davis injury. The Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA trespass to chattels intended to steal monitor and exploit electronics use to track, monitor and disable cars and electronics causing Mr. Davis injury and violation of the Fourth Amendment.

53

[1] CompuServe Inc. v. Cyber Promotions, Inc 962 F. Supp. 1015 (S.D. Ohio 1997)

Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for trespass to chattel.

109.    Defendant owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

110.    Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit a lack of plaintiff consent to trespass. Lack of plaintiff of plaintiff consent to trespass is an element that carries the burden of proof that plaintiff must be proving in a court of law. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA Defendants collectively lack of plaintiff consent to trespass was lacking in unauthorized approval which agents persisted still to commit the trespass in the car on the phone.   Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of a lack of plaintiff consent.

111.    Defendant owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

112.    Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit interference or intermeddling with possessory interest. Interference or intermeddling with possessory interest is a breach of property or electronics with all intend on possession to monitor subject actions.   Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA interference or intermeddling with possessory interest was utilized to manipulate data, software and electronics inside of phone and car to track and causing Mr. Davis injury.   Defendants known

54

and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for interference or intermeddling with possessory interest.

113. Defendants owe damages punitive damages in an amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

114. Defendants known and unknown agents and the Department of Homeland Security & VA intended to commit the intentionality of the defendant's actions. The intentionality of the defendant's actions is premeditated actions to breach another property in order to cause harm. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA collectively was a intended breach to track, monitor harass, intimidate and control Mr. Davis which caused him injury. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for intentionality of the defendant's actions.

115. Defendants owe damages in the amount exceeding 75,000 dollars. Defendants is liable for damages.

## FOURTEENTH CAUSE OF ACTION
### (Assault & Battery)

116. Plaintiff reallege and incorporate by reference all of the preceding paragraphs

117. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit assault & battery. Assault & battery is intentional touching of, or application of force to, the body of another. Defendant Veterans Affairs Doctor Singh after I had a fall from wheelchair intentionally rammed my bad knee into a heavy door when I informed him to stop he persisted causing Mr. Davis injury. Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard

assault & battery was intentional and with malice by pushing, showing intent to push or hit to scare and coordinated intimidation gaslighting throughout different cities areas by agents nested in those areas knowing Mr. Davis frequency globe positioning system (GPS) coordination's making continuous contact to cause harm to injury Mr. Davis. Therefore, known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA defendants is liable for assault & battery.

118. Defendants owe damages to the plaintiff for damages in the amount that exceeds 75,000 dollars. Defendants is liable for damages.

119. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit contact. Contact is an act of touching physically. Defendants Veteran Affair employees MRI tech Ron Wheaton while in course of examine had to touch and was ruff and without restrain and Doctor Singh made continuous contact ramming Mr. Davis leg to open a door with the same leg which injured Mr. Davis. Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard agents intended to contact by touching to pick a fight by pushing and to use gaslighting techniques in order to intimidate and harass Mr. Davis causing him injury by the actions. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of contract.

120. Defendants owe damages to the plaintiff for damages in the amount that exceeds 75,000 dollars. Defendants is liable for damages.

121. Defendants known and unknown agents and the Department of Homeland Security & VA intended to commit intent to harm. Intent to Harm is any wrong or harm done by one

56

individual to another individual's body, rights, reputation, or property. Defendant Veterans Affairs collectively intended to cause harm to Mr. Davis body by not scheduling appointment in a timely manner and violation his due process rights and property thus injuring Mr. Davis. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard agents had Mr. Davis phone frequency and attacked him by gps triangularization in each area Mr. Davis commute in coordinated attacks to cause more harm by pushing from many agent causing Mr. Davis injury. Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for intent to harm.

122. Defendants owe damages owe the plaintiff for his punitive damages in an amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

## FIFTEETH CAUSE OF ACTION

### (Negligence)

123. Plaintiff reallege and incorporate by reference all the preceding paragraphs

124. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit negligence. Negligence is a failure to use reasonable care, resulting in damage or injury to another. See [1] Defendants Veteran Affairs negligence resulted in the non-performance of their duties to see Mr. Davis after a foreseeable fall that resulted to injury to Mr. Davis. Defendants agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard did not adequate train their agents due to their reasonable care when investigating Mr. Davis causing his injures.

Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for negligence.

57

[1] Erie R. Co. v. Stewart - 40 F.2d 855 (6th Cir. 1930)

125.     Defendants owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

126.     Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit duty of care.   Duty of care means taking reasonable care not to harm another person that could be reasonably foreseen.   Department Veterans Affairs doctors nurses administrators all whom Mr. Davis ask for additional medical from fall over wheelchair prolonged medical and continuously changed appoints to not see Mr. Davis causing him injury. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA during the course of their agents investigation and that duty of care was a breach and should have be foreseen by defendant. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA owe a duty to the plaintiff and is liable for duty of care.

127.     Defendants owe damages punitive and compensatory. Defendants is liable for damages.

128.     Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit a breach. Defendants breach is duties while in the care of person breach occurred.   Breach means a duty of care. Defendants Veterans Affairs breach the duty of care failed at the responsibilities to assist in Mr. Davis medical causing injury to Mr. Davis. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard breach their duty during their investigation avoiding harm to Mr. Davis causing injury. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the

58

Infragard & VA is liable for breach of duty.

129. Defendants owe damages in the amount exceeding 75,000 dollars. Defendants is liable for damages.

130. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit causation. Causation provides a means of connecting conduct with an effect, typically an injury. Defendants Veterans Affairs causation was the main contributing factor not attending to Mr. Davis injuries early on after fall during a Orthopedic appointment thus causing Mr. Davis injury causing Mr. Davis injury. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard causation was from overzealous agents pushing , assaults intimidation, humility and continuous outrageous conduct caused Mr. Davis injury. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard is liable for causation.

131. Defendants owe damages for pain and suffering in an amount exceeding 75,000 dollars Defendants is liable for damages.

132. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard intended to commit proximate cause. Proximate cause is an event, which is a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred. Defendants Veterans Affairs proximate sequence was unbroken by any intervening cause resulting in Mr. Davis injury. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard proximate cause was unbroken by intervening causing resulting in Mr. Davis injuries. Therefore, defendants known and unknown agents of the

59

Department of Homeland Security FBI and the FBI Liaison to the Infragard is liable for proximate cause.

133.   Defendants owe damages in the amount exceeding 75,000 dollars.   Defendants is liable for damages.

134.   Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard to commit a reasonable person. The reasonable standard is persons with greater than average skills, or with special duties to society, are held to a higher standard of care. Defendants Veterans Affairs reasonable person fail below this standard due to subpar services towards Mr. Davis healthcare concerns. Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard reasonable person was lacking in skill and compassion towards the plaintiff during the course of their warrantless investigation causing Mr. Davis injury.   Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard the defendants is liable for a reasonable person.

135.   Defendants owe damages in an amount exceeding 75,000 dollars for plaintiff injury. Defendants are liable for damages.

136.   Defendants intended to commit common law doctrine of joint and several and are wholly responsible for injury to the plaintiff.   Defendants are liable for joint and several.


**SIXTEENTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress)**

137.   Plaintiff reallege and incorporate by reference all of the preceding paragraphs

60

138.     Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit negligent infliction of emotional distress. Negligent infliction of emotional distress is a personal injury law concept that arises when one-person (the defendant) acts so carelessly that he or she must compensate the injured person (the plaintiff) for resulting mental or emotional injury.   Defendant Veterans Affairs negligent infliction of emotional distress was the cause of severe physiological and physical injury due to the prolonging medical and frequent harassment to Mr. Davis.

Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard negligent infliction of emotional distress was from the overzealous attacks from agents Davis injury. Therefore, the defendant known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard &VA is liable for negligent infliction of emotional distress.

139.     Defendants owe damage in an amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

140.   Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit negligently engaged in conduct. Negligently engaged in conduct is conduct that falls below the standards of behavior established by law for the protection of others against unreasonable risk of harm. Defendants Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA negligently engaged in conduct that fail below the standards of the law and their own ethics.   Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of negligently engaged in conduct.

61

141. Defendants owe damage in an amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

142. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to it was reasonably foreseeable that the conduct would cause the plaintiff severe mental anguish. It was reasonably foreseeable that the conduct would cause the plaintiff severe mental anguish is the Court reiterated the general principle that "parties owe a duty of care to those whom they ought reasonably to have in contemplation as being at risk when they act". Reasonable foreseeability is to be determined objectively: what would have been known by someone with the defendant's knowledge and experience? Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA it was reasonably foreseeable that the conduct would cause the plaintiff severe mental anguish was foreseeable that the defedants cause Mr. Davis chronic depression, nightmares. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of It was reasonably foreseeable that the conduct would cause the plaintiff severe mental anguish.

143. Damages owe damages in an amount greater than 75,000 for plaintiff injury. Defendants are liable for damages.

144. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit the conduct did cause the plaintiff to suffer severe mental anguish. The conduct did cause the plaintiff to suffer severe mental anguish is intentional conduct that cause a victim mental injuries. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the

Infragard & VA conduct was so extreme it caused Mr. Davis fury mental anguish loss of sleep from the conduct. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of the conduct did cause the plaintiff to suffer severe mental anguish.

145. Defendants owe damage in an amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

146. Defendants known and unknown governmental agents and the Department of Homeland & VA intended to commit proximate cause. Proximate cause is a cause which in a natural and continuous sequence produces a person's severe emotional distress, and one which a reasonable and prudent person could have foreseen would probably produce such severe emotional distress. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA proximate cause was foreseen and agents cared less to aid Mr. Davis in their behavior causing him injury. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of proximate cause.

147. Defendants owe damages injury and defendants are liable for damages in an amount greater than 75,000 dollars for plaintiff injury.

## SEVENTEENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

148. Plaintiff reallege and incorporate by reference all of the preceding paragraphs

63

149. Defendants known and unknown governmental agents and the Department of Homeland & VA intended to commit intentional infliction of emotional distress. Intentional infliction of emotional distress is occurring when one acts abominably or outrageously with intent to cause another to suffer severe emotional distress, such as issuing the threat of future harm. Defendants Veteran Affairs intentional infliction of emotional distress was inflicted on Mr. Davis after extreme attacks in trying to obtain medical services that cause Mr. Davis additional injuries. Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intentional infliction of emotional distress was from extreme gangstalking, gaslighting, bulling, mob attacks repeatedly and consistently deprivations and restrictions of movement caused Mr. Davis mental anguish and physical injury. Therefore, dependents known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA are liable for intentional infliction of emotional distress.

150. Defendants owe damages compensation and punitive in an amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

151. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit the plaintiff must suffer a intentional or reckless. Intentional or reckless causing harm with intent or reckless harm without intent. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA collectively intentional or reckless was intentional done to cause harm in the VA assaults, intimidation, and harassment from Mr. Davis attempting to obtain his medical from a foreseeable fall at the VA and known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard agents severe and calculated attacks aimed to causing Mr. Davis injury. Therefore, defendants known

and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for intentional or reckless.

152. Defendants owe damages compensation and punitive in an amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

153. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit a defendants conduct must be extreme and outrageous. Defendants conduct must be extreme and outrageous is extreme and outrageous conduct means "being so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. Defendant Veterans Affairs conduct must be extreme and outrageous was in there continuous prolonging of Mr. Davis medical and when he asked for help they harass, humiliated, manipulated and assault Mr. Davis causing him injury. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard known and unknown governmental agents and the Department of Homeland & VA intended to commit extreme and outrageous. Extreme and outrageous conduct is outrageous, and so extreme, as to go beyond all possible bounds of common decency. Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard extreme and outrageous conduct include being humiliated, assaulted and called racial epithets and I am a "black man" by racist in these programs three white men told me "nigger you cannot run", another said, "niggers can run, but they can't outrun the FBI Infragard we guard everything and niggers, and we catch coons", and other derogatory terms. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA are liable for extreme and outrageous behavior.

154. Defendants owe damages compensation in the amount exceeding 75,000 dollars for plaintiff's injury. Defendants is liable for damages.

155. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit Cause severe emotional distress.

156. Cause severe emotional distress is a highly unpleasant emotional reaction (as anguish, humiliation, or fury) which results from another's conduct and for which damages may be sought. known and unknown agents of the Defendants Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA caused severe emotional distress fury humiliation and mental anguish causing Mr. Davis injury. Therefore, denfendants, known and unknown agents of the the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of cause severe emotional distress.

157. Defendants owe damages in an amount exceeding 75,000 dollars. Defendants is liable for damages.

## EIGHTEEN CAUSE OF ACTION

### (Defamation)

158. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit defamation. Defamation is to damage one's reputation by false publication. Defendant Veteran Affairs defamation was damaging to the Mr. Davis reputation written and oral for exposing false truths within medical and police report in regards to a fall, his treatments, and complaints at the VA hospital was

66

falsified in their publication causing Mr. Davis injury. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard defamation was preformed orally and electronically over cellphones thousands of agents in different towns during course of an investigation used by agents to spread falsehoods of Mr. Davis injury violating privacy laws used as a weapon to damage Mr. Davis reputation causing Mr. Davis injury. Therefore, known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA are liable for defamation.

159. Defendants owe damages in an amount exceeding 75,000 dollars. Defendants is liable for damages.

160. Defendant agents known and unknown of the Department of Homeland Security & VA intended to commit a false statement purporting to be fact. Defendant Veterans Affairs false statement False statement purporting to be fact is to present false documents as official purporting to be fact was in fabricating medical reporting, police reporting during a fall and controlled and regulated all governmental in order to hide facts caused Mr. Davis injury. Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard false statements by agents claiming Mr. Davis is not that hurt or injury publicized as fact over cellphones frequency and cellphone towers to many other. Therefore, the defendant is known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard liable for a false statement purporting to be fact.

161. Defendants owe damages in an amount exceeding 75,000 dollars Defendants are liable for damages.

162. Defendants known and unknown agents of the Department of Homeland Security

67

FBI and the FBI Liaison to the Infragard & VA intended to commit publication or communication of that statement to a third person. Publication or communication of that statement to a third person is an action by the defendant that causes a defamatory idea to be communicated to a third person about the plaintiff is considered publication. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA collectively performed the same actions without restrain communicated that Mr. Davis to persons outside of the investigation breaking their own ethics rules and bylaws including the constitutional rights causing Mr. Davis injury. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA liable for publication or communication of that statement to a third person.

163. Defendants owe damages in an amount exceeding 75,000 dollars defendants is liable for damages.

164. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard &VA intended fault amounting to at least negligence. Fault amounting to at least negligence is a failure to take reasonable care to avoid injury. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard &VA collectively fault amounting was negligence was a failure of duty of care in all facets of official investigations and medical reporting and treatments causing Mr. Davis injury. Therefore, the defendant known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for fault amounting to at least negligence.

165. Defendants owe damages in an amount exceeding 75,000 dollars Defendants are

68

liable for damages.

166. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit harm reputation causing damage. Harm defamatory statement to cause harm is something bad that you say about someone that is not true and may damage their reputation. Defendants Veterans Affairs harm defamatory statement to cause harm was used to harm the reputation Mr. Davis using their powerful position to cause Mr. Davis injuries. Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard harm defamatory statement to cause harm was used by agents to have control over Mr. Davis and spread false rumor to harm causing Mr. Davis injury. Therefore, the dependents known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of harm defamatory statement to cause harm.

167. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

168. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit repeater rule. Repeater rule is a person who takes what a third party has overheard and repeats it. Defendants Veterans Affairs repeater rule was utilized by persons that was not apart of Mr. Davis doctors appointment overheard and spread among other VA personal that repeated private medical information causing Mr. Davis injury. Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard repeater rule was spread among persons outside their investigation who repeated it among others to share in the reward from the primary source causing Mr. Davis

injury. Therefore, the defendant known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for the repeater rule.

169.     Defendants owe damages in an amount exceeding 75,000 dollars. Defendants is liable for damages.

## NINTEENTH CAUSE OF ACTION
### (Slander)

170.     Defendant agents known and unknown of the Department of Homeland Security & VA intended to commit slander.   Slander is verbal harm to another reputation.   Defendant Veterans Affairs slander was verbal falsehoods regarding the Mr. Davis injury was not true in the medical report and police report written after the fall also using their long reach among persons out in town to continue the slander causing Mr. Davis injury.   Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard slander was spread over communications to voice slanderous lies utilized to cause harm causing Mr. Davis injury. Therefore, the defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for slander.

171.     Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

172.     Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit a false statement purporting to be fact.   False statement purporting to be fact is the false untrue statement passed off as factual.   Defendant Veterans Affairs false statement purporting to be fact was fake news about appointments promised to Mr. Davis by the Community Care team doctors, collaborated to pass

70

off untrue statement as facts to keep Mr. Davis from obtaining medical treatments after a fall at the VA causing Mr. Davis injury. Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard false untrue statement passed off as factual was fake news utililized over vast communications systems passing off their investigation as fair and impartial which was untrue causing Mr. Davis injury. Therefore, the defendant known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for a false statement purporting to be fact.

173. Defendants owe damages in an amount exceeding 75,000 dollars dis liable for damages.

174. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit publication or communication of that statement to a third person. Publication or communication of that statement to a third person is slander publication from one party to be true of another person usually false to hurt reputation. Defendant Veterans Affairs publication or communication of that statement to a third person was communicated from my doctors announcing out loud personal information communicated information among other VA personal which was communicated to other third parties was false purposely to ruin reputation communicated with other third party VA personal purposely to cause Mr. Davis injury. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard publication or communication of that statement to a third person was voiced over cellphone global positioning systems (GPS) which covers tens thousand of agents intrastate and interstate for false purpose of ruin his reputation causing Mr. Davis injury. Therefore, the defendant known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA

71

is liable for publication or communication of that statement to a third person.

175.    Defendants owe damages in an amount exceeding 75,000 dollars. Defendants is liable for damages.

176.    Defendant agents known and unknown of the Department of Homeland Security & VA intended to commit fault amounting to at least negligence.   Fault amounting to at least negligence is carelessness causing defamatory harm to a person.   Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA fault amounting to at least negligence collectively was carelessness and was a leading factor causing the Mr. Davis harm and injuries. Therefore, the defendant is known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA liable for fault amounting to at least negligence.

177.    Defendants owe damages in an amount exceeding 75,000 dollars Defendants are liable for damages.

178.    Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit damages. Damages, or some harm caused to the person or entity who is the subject of the statement is compensation for the voice of untrue facts to another with intent to cause harm.   Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA damages, or some harm caused to the person or entity who is the subject of the statement was subject to causing harm and should compensate Mr. Davis for his injuries.   Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable Damages, or some harm caused to the person or

72

entity who is the subject of the statement.

## TWENITH CAUSE OF ACTION
### (Libel)

179.     Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit a libel.   Libel is a method of defamation expressed by print.   Defendant Veterans Affairs libel was commit via false police reports, false doctor reports of official medical records causing Mr. Davis injury. Defendants the Department of Homeland Security FBI and the FBI Liaison to the Infragard libel was committed defamation printed on cellphone screens communicated among agents causing Mr. Davis injury. Therefore, the defendant known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of libel.

180.     Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

181.     Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit a false statement purporting to be fact.   False statemen purporting to be fact is a false statement made to seem true but is false.   Defendant Veterans Affairs false statement purporting to be fact was information about treatment that was expected to be received was false medical report statements made to be true was false VA in house police report statements seem true was false causing Mr. Davis injury. Defendant known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard ethics and mottos and mission believe to be impractical was false during a warrantless investigation causing Mr. Davis injury.   Therefore, the defendant known and

73

unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable false statement purporting to be fact.

182. Defendants owe damages in an amount exceeding 75,000 dollars. Defendants is liable for damages.

183. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit publication or communication of that statement to a third person. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA publication is verbal slander to another third person was shared between each agency and communicated to persons outside the investigation to share in the whistleblower reward causing injury to Mr. Davis reputation. Therefore, the defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of publication or communication of that statement to a third person publication.

184. Defendants owe damages in an amount exceeding 75,000 dollars Defendants is liable for damages.

185. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit fault amounting to at least negligence. Fault amounting to at least negligence is (carelessness), that harm reputation. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA collectively fault amounting to at least negligence was shared between these agencies joint task force operation combined actions was a contributing factor causing harm to Mr. Davis and injury. Therefore, the defendants known and unknown agents of

74

the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for fault amounting to at least negligence.

186. Defendants owe damages in an amount exceeding 75,000 dollars Defendants are liable for damages.

187. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit damages. Damages or some harm caused to the person or entity who is the subject of the statement is compensation for the voice of untrue facts to another with intent to cause harm. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA collectively owe damages or some harm caused to the person or entity who is the subject of the statement causing Mr. Davis injury. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable for damages or some harm caused to the person or entity who is the subject of the statement.

## Res Ispa Loquitor

188. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intent commit res ispa loquitur. Res ispa loquitur is a tort law absence of direct evidence on how any defendant behaved. The thing speaks for itself. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA res ispa loquitur was direct actions that speaks for itself due to their acts. Defendants is liable for res ispa loquitur.

189. Defendants owe damages punitive and compensatory damages exceeding 75,000 dollars for plaintiff injury. Defendants are liable for damages.

75

190.    Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA intended to commit the defendant was in exclusive control of the situation or instrument that caused the injury. The defendant was in exclusive control of the situation or instrument that caused the injury is. Defendant Veterans Affairs defendant was in exclusive control of the situation or instrument that caused the injury held all the control from setting Mr. Davis appointments prolonging his healthcare, false reporting on official government reports and intrusion of his privacy causing Mr. Davis injuries. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard the defendant was in exclusive control of the situation or instrument that caused the injury held all the control from the agents intimidation tactics that purposely caused harm, attachment of globe positioning system tracker on car, using cellphone as a visual aide listening device and tracker causing Mr. Davis injuries. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA is liable of exclusive control of the situation or instrument that caused the injury.

191.    Defendant owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

192.    Defendants known and unknown governmental agents and the Department of Homeland Security & VA intended to commit the injury would not have ordinarily occurred but for the defendant's negligence. The injury would not have ordinarily occurred but for the defendant's negligence is actions or omission cause injury. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA collectively the injury would not have ordinarily occurred but for the defendant's negligence. Therefore, defendants known and unknown agents of the Department of Homeland Security FBI

76

and the FBI Liaison to the Infragard & VA is liable for the injury that would not have ordinarily occurred but for the defendant's negligence.

193. Defendant owes damages in an amount exceeding 75,000 dollars. Defendants are liable for damages.

194. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA Defendants known and unknown governmental agents and the Department of Homeland Security & VA intended to commit the plaintiff's injury was not due to his action or contribution. The plaintiff's injury was not due to his action or contribution as the plaintiff was not responsible for his injury. Defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA caused the plaintiff's injury was not due to his action or contribution of the plaintiff. Therefore, the defendants known and unknown agents of the Department of Homeland Security FBI and the FBI Liaison to the Infragard & VA are liable for plantiffs jury was not due to his action or contribution of the plaintiff.

195. Defendants owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

196. Defendants intended to commit strict liability. Strict liability is a committed act regardless of mental state. Defendants strict liability was intended regardless of their mental condition. Defendants is liable for strict liability.

197. Defendants owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

77

198. Defendants intended to commit law doctrine of joint and several liability in all listed torts and all defendants jointly owe for plaintiffs injury. Defendants is liable for joint and several liability.

199. As a result of Defendants, illegal actions the plaintiff suffered physical injuries, fear, humiliation, anger, outrage, loss of sleep, PTSD, and other emotional and physical distress

200. By the conduct alleged above, Plaintiff was deprived of his constitutional rights and due process to obstruction justice and deny equal due process under the law.

201. The acts alleged above were done intentionally, willfully, maliciously, wantonly with reckless disregard for the safety of the Plaintiff.

202. At times and dates indicated and herein alleged, each defendant had a duty to keep the plaintiff secure from unlawful and racist assault, battery, false confinement, and false arrest.

203. Notwithstanding the duties owed to the Plaintiff, the Defendants failed to prevent the wrongs complained of herein, in violation of 28 U.S.C. § 1331.

**WHEREFORE,** the Plaintiff prays this court:

A. For compensatory & punitive damages, injunctive relief, and in an amount exceeding 75,000 dollars for the physical and emotional damage he has suffered.

B. For such other relief as law and equity allows, including costs and reasonable interim and final attorney's fees.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 12/28/2020

78

Andre Antonio Davis, Plaintiff in Pro Per

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 (b), the plaintiff demands trial by jury.

DATED: 12/28/2020

Andre Antonio Davis, Plaintiff in Pro Per

79